Joseph **BOARDMAN** and Henry Boardman, Plaintiff-Appellants,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellee.

No. 83–4310.

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1984.

Harry R. Allen, Billy W. Hood, Gulfport, Miss., for plaintiffs-appellants.

Ben F. Galloway, Sherman Muths, Jr., Gulfport, Miss., for defendant-appellee.

Before BROWN, GEE, and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This appeal presents important issues of modern choice of law principles which are particularly appropriate for resolution by the Mississippi Supreme Court. Broadly speaking, at issue is what relative weight a Mississippi court would give—employing the Mississippi "center of gravity" test—to the choice of law principles in § 6, 188, and 193 of the Restatement (Second) of Conflicts.

Following our usual practice, we requested that the parties submit a proposed agreed certificate of the issues for decision. Commendably, they have reached full agreement. Since we also agree that these are the substantive issues presented, we submit the parties' statement of facts and our issues disclaiming, however, any intention or desire that the Supreme Court of Mississippi confine its reply to the precise form or scope of the questions certified.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this Court involves questions or propositions of the law of the State of Mississippi which are determinative of the cause, and there appear to be no controlling precedents in the decision of the Supreme Court of Mississippi. This Court hereby certifies the following questions of law to the Supreme Court of Mississippi for instructions concerning said questions of law, based on the facts recited herein:

1. *Style of the Case.*

The style of the case in which this certificate is made is Joseph Boardman and Henry Boardman, plaintiffs/appellees v. United Services Automobile Association, defendant/appellant, being case number 83–9017, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court from the Southern District of Mississippi.

### 2. *Statement of the Case.*

1. USAA issued an automobile insurance policy to Henry W. Boardman, a resident of Omaha, Nebraska, for a policy period covering September 15, 1978, to September 15, 1979. (R 83)

2. The insurance contract was issued in Nebraska, while Henry Boardman was stationed with the United States Air Force in Omaha. (R 83)

3. The policy covered a 1975 Oldsmobile, a 1974 Ford Pinto, and a 1977 Ford Pinto, all principally garaged in Nebraska. (R 83)

4. The Plaintiff-Appellee Joseph Boardman, age 19, entered Mississippi State University of Starkville, Mississippi, during the Fall and Spring semesters of the 1978–1979 term (deposition of Joseph Boardman, page 8).

5. During the Fall and Spring semesters of 1978–1979, Joseph was permitted by his father, Col. Henry Boardman, to operate the Pinto automobile which was insured under the policy of insurance issued by the Defendant, United Services Automobile Association, in the name of Plaintiff-Appellee, Col. Henry Boardman.

6. In May of 1979, Joseph Boardman, came to Gulfport, Mississippi, directly from school to work for his paternal uncle who owns and operates Coast Materials, located in Gulfport, Mississippi (deposition of Joseph Boardman, page 9).

7. Joseph Boardman drove the Ford Pinto automobile to Gulfport and operated this automobile until his father came to Gulfport and recovered this vehicle in order to deliver the automobile to Joseph's sisters who live in Cincinnati, Ohio (deposition of Henry Boardman, page 11).

8. On June 14, Henry Boardman requested the Defendant to remove Joseph as a named insured on the automobile insurance policy (deposition of Henry Boardman, page 10).

9. USAA effected the deletion of Joseph Boardman on June 16, 1979. (R 95)

10. On June 20, 1979, Joseph Boardman purchased a Chevrolet Caprice automobile from Jay Jay Chevrolet, Gulfport, Mississippi.

11. An application was made by Joseph Boardman for title and additionally he purchased a Mississippi license tag for the Chevrolet Caprice automobile (deposition of Joseph Boardman, pages 16, 19).

12. The 1970 Chevrolet was never added to the policy of Henry Boardman, nor was any premium paid for any coverage under that or any other insurance contract.

13. On July 8, 1979, at approximately 3:00 a.m., Joseph Boardman was injured in an accident with an uninsured motorist, David Turan, in Gulfport, Mississippi, while driving the 1970 Chevrolet.

14. The Plaintiff-Appellee, Joseph Boardman, did not receive title to the Chevrolet automobile until July 9, 1979, or one day following the accident (affidavit of Henry Boardman, R 57).

15. Damages sustained by Joseph Boardman include severe personal injuries which are undisputed.

16. The claim for uninsured motorist benefits arising from the accident under the USAA policy in which Henry Boardman was the named insured, was denied to Joseph Boardman on the grounds that Joseph was driving an owned motor vehicle, which was not an insured vehicle under the subject policy, thereby being specifically excluded under the policy terms.

17. Nebraska law upholds the "owned vehicle" exclusionary clause.

18. The "owned vehicle" exclusionary clause is invalid under Mississippi law.

### 3. *Questions to be Certified.*[1]

What relative weight would Mississippi give—applying the "center of gravity" test

---

**1.** We emphasize our disclaimer again, *see* note 10, *Boardman v. United Services Automobile Association,* 742 F.2d 847 (5th Cir.1984) that our phrasing of the questions is not meant to restrict the supreme court of Mississippi in answering the issues as it perceives them.

to the choice of law principles of § 6, 188, and 193, of the Restatement (Second) of conflicts—to the undisputed facts of this case on the following issues.

1. Would Mississippi or Nebraska law apply in construing the USAA automobile insurance contract issued to Henry Boardman; or stated differently, under the Mississippi "center of gravity" test, which state would be deemed to have the most significant contacts with the insurance policy for choice of law purposes?

2. Would Mississippi or Nebraska law govern the validity of the uninsured motorist exclusionary clause; [2] or stated differently, if Nebraska law is held to govern the insurance contract, does Mississippi public policy prevent the enforcement of the exclusionary clause?

3. Would Mississippi or Nebraska law govern the issue of vehicle ownership; or stated differently, would Mississippi under its "center of gravity" test consider Mississippi or Nebraska to have the most significant contacts for the purpose of establishing the law governing vehicle ownership?

The final question proposed by the parties—assuming *arguendo* that uninsured motorists coverage exists is aggregation allowed—has recently been decided in a case certified by our Court to the Mississippi Supreme Court. *Government Employees Insurance Co. v. Brown*, 446 So.2d 1002 (Miss.1984) appears to permit aggregation.[3] Accordingly, possessed of a clear answer, we do not submit this issue to the busy Mississippi tribunal.

The entire record in this case, together with copies of the briefs of the parties, our initial opinion, and the agreed certification are transmitted herewith.

DATE:

CERTIFIED.

**2.** The insurance policy exclusionary clause can be found in note 2, *Boardman v. United Services Automobile Association*, 742 F.2d 847 (5th Cir. 1984).

**3.** Our certification opinion is found at 675 F.2d 645 (5th Cir.1982); our disposition of *Brown* after Mississippi reached its decision is found at 727 F.2d 470 (5th Cir.1984).