Joseph **BOARDMAN** and Henry **Boardman, Plaintiffs-Appellants,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellee.**

No. 83–4310.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1985.

Harry R. Allen, Billy W. Hood, Gulfport, Miss., for plaintiffs-appellants.

Ben F. Galloway, Sherman Muths, Jr., Gulfport, Miss., for defendant-appellee.

Before BROWN, GEE, and WILLIAMS, Circuit Judges

JOHN R. BROWN, Circuit Judge:

This diversity case returns to us after certification and answer from the Mississippi Supreme Court. On September 14, 1984, we requested the parties to develop a common certificate of the issues. *Boardman v. United Services Automobile Association*, 742 F.2d 847 (5th Cir.1984). On October 23, 1984, we certified this case to the Mississippi Supreme Court. *Boardman v. United Services Automobile Association*, 763 F.2d 663 (5th Cir.1984). By decision on May 22, 1985, the Mississippi

---

**3.** La.Civil Code § 1803 (eff. January 1, 1985) now stipulates the same result even if the contract does *not* so provide.

Supreme Court has answered. 470 So.2d 1024 (Miss.1985). The facts and procedural history are amply set forth in the above three decisions and call for no further recitation here. For our present purposes, it suffices to remand this case to the district court with instructions for it to enter judgment consistent upon the principles elucidated by the Mississippi Supreme Court:

(1) Nebraska law governs the construction of the United States Automobile Association (USAA) policy.

(2) Nebraska law governs application of the owned motor vehicle exclusion of Henry Boardman's policy.

(3) Mississippi law governs the status of the vehicle as an owned motor vehicle under the policy.

The Mississippi Supreme Court has made it clear that the exclusionary clause of the USAA policy was triggered and that there was no coverage for the injuries suffered by Joseph Boardman.

Appellee's full faith and credit contentions are without merit and we do not address them in this litigation which has been protracted for nearly six years.

VACATED AND REMANDED WITH INSTRUCTIONS.