Don L. PRICE, Administrator of the Estate of Lee Allan Price Deceased, Plaintiff,

v.

LITTON SYSTEMS, INC. and International Telephone and Telegraph Corporation, Defendants.

Yusun DONALDSON, Administratrix of the Estate of Richard Doyle Donaldson, Deceased, Plaintiff,

v.

LITTON SYSTEMS, INC. and International Telephone and Telegraph Corporation, Defendants.

Civ. A. Nos. J84–0022(L), J84–0023(L).

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 21, 1984.

Wayne E. Ferrell, Jr., Jackson, Miss., Donald C. McCabe, Nomberg & McCabe, Daleville, Ala., for plaintiff.

Christopher A. Shapley, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for Litton.

John Roach, Jackson, Miss., and Jack Hall, Birmingham, Ala., for ITT.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on motions for summary judgment filed by the defend-

ants, Litton Systems, Inc. and International Telephone and Telegraph Corporation. These two cases, consolidated by order of this court dated October 9, 1984, have been brought to recover damages for the deaths of Don L. Price and Richard Doyle Donaldson, allegedly caused by defective night vision goggles worn by the plaintiffs' decedents during a night helicopter flight training exercise at Fort Rucker, Alabama, on July 14, 1978. The defendants, manufacturers of night vision goggles, have filed their motions for summary judgment primarily contending that plaintiffs' right to bring these suits expired under the two year statute of limitations provisions of Alabama's Wrongful Death Act. Ala.Code § 6–5–410 (1975).

Since this is a diversity action, this court is *Erie*-bound to apply the substantive law of Mississippi, which includes Mississippi's conflict of laws rules. *Klaxon Comp. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The parties are in agreement that the controlling conflict of laws case in tort actions in Mississippi is *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968). In that case the Mississippi Supreme Court, quoting the *Restatement (Second) Conflict of Laws* § 175, "Right of Action for Death" stated:

> Ordinarily, the local law of the state where the injury occurred will determine the rights and liabilities of the parties, 'unless with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied.' 211 So.2d at 516.

The court also adopted § 145 of the *Restatement (Second) Conflict of Laws,* which sets forth the following four factors to be considered in determining which state had the most significant relationship with the case:

(A) the place where the injury occurred;

(B) the place where the conduct causing the injury occurred;

(C) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(D) the place where the relationship, if any, between the parties is centered.

■ Defendants contend that no state has a more significant relationship than Alabama and that, consequently, Alabama law must apply. The plaintiffs allege that they are residents of Iowa and Texas, that the products in question were manufactured either in California or Virginia, that these products were delivered to the Army in California, and that the contract for the sale of the products was entered into in New Jersey. For these reasons, the plaintiffs contend that other states have a more significant interest and that Alabama law, therefore, is not applicable. This position is without merit and is not supported by the recent Fifth Circuit decision in *Davis v. National Gypsum Company*, 743 F.2d 1132 (5th Cir.1984).

In *Davis*, the plaintiff's decedent, a soldier in the Army stationed in Fort Carson, Colorado, was killed by shrapnel fragments from a mortar explosion. The trial court held that, under Mississippi conflict of laws rules, Mississippi courts would apply the law of the place of the injury, in that case Colorado, unless another state has a more substantial relationship to the action. The Fifth Circuit affirmed the holding of the trial court that the substantive law of Colorado, the place of the injury, would apply.

It is clear that no state has a more significant relationship to this case than does the State of Alabama, the place of the injury, and, therefore, that state's substantive law will be applied. Accordingly, Alabama's two year statute of limitations for wrongful death actions will also apply if it is substantive law rather than procedural.

■ Generally, Mississippi follows the traditional rule that a statute of limitations is procedural for purposes of choice of law, and the statute of limitations of the forum state applies to a cause of action arising under the laws of another jurisdiction. An

exception to this general rule has been recognized where application of the statute of limitations of the other state would not only bar the remedy but also extinguish the legal right of action. *Hamilton v. Cooper*, 1 Miss. 542 (1832). This exception is most often seen in cases where the limitation is "built in" or "in the same enactment" as the statute which creates the right to bring the action. *Bethlehem Steel Co. v. Payne*, 183 So.2d 912 (Miss.1966); *Steele v. G.D. Searle and Company*, 428 F.Supp. 646 (S.D.Miss.1977); *See also Davis v. National Gypsum Co.*, 743 F.2d 1132 (5th Cir. 1984).

▉ The limitation period included in the Alabama wrongful death statute question has been consistently interpreted as being the substantive law of Alabama. *McMickens v. Waldrop*, 406 So.2d 867 (Ala. 1981); *Downtown Nursing Home, Inc. v. Pool*, 375 So.2d 465 (Ala.1979); and *Tomlin v. Boeing Co.*, 650 F.2d 1065 (9th Cir.1981). In *Downtown Nursing Home, Inc.*, the Alabama Supreme Court, in construing the statute, stated: "The statute requires that the action must be brought within two years after the death of the testator or intestate. This two year period is part of the substantive action and is not to be treated as a statute of limitation." 375 So.2d at 466. Because Alabama courts have also held that actions for wrongful death can only arise and be processed under the wrongful death statute, the plaintiff's claims based on strict liability and breach of expressed or implied warranties are also barred. *See Geohagan v. General Motors Corp.*, 291 Ala. 167, 279 So.2d 436, 440 (1973).

For the reasons stated hereinabove, it is the court's opinion that the plaintiffs are barred from bringing these actions by the two year limitation period found in the Alabama Wrongful Death Act and that the defendants' motions for summary judgment should be granted. A judgment shall be submitted by the parties in accordance with the local rules.