Don L. PRICE, Administrator of the Estate of Lee Allen Price, Deceased, Plaintiff,

v.

INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Defendants.

Yusan DONALDSON, Administratrix of the Estate of Richard Doyle Donaldson, Deceased, Plaintiff,

v.

INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Defendants.

Civ. A. No. J84–0022(L).

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 25, 1986.

Wayne E. Ferrell, Jr., Jackson, Miss. and Donald C. McCabe, Nomberg & McCabe, Daleville, Ala., for plaintiff.

Christopher A. Shapley, Brunini, Grantham, Grower & Hughes, Jackson, Miss., for Litton.

John Roach, Jackson, Miss., Jack Hall, Birmingham, Ala., for ITT.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on amended motion of defendant, International Telephone and Telegraph Corporation (ITT), for summary judgment. The plaintiffs, Don L. Price, administrator of the estate of Lee Allen Price, deceased, and Yusan Donaldson, administratrix of the estate of Richard Doyle Donaldson, deceased, filed timely response to the motion, and the court has considered the memoranda of the parties in addressing the choice of law issues presented on the remand of this case by the Fifth Circuit. *Price v. Litton Systems, Inc.,* 784 F.2d 600 (5th Cir.1986).

The material facts of this case are briefly summarized.[1] Plaintiffs' decedents were United States Army officer candidates stationed at Fort Rucker, Alabama. On the night of July 14, 1978, both were members

---

1. The procedural history of this case is lengthy and there are two previous renditions of the pertinent facts. *See Price v. Litton Systems, Inc.,* 607 F.Supp. 30 (S.D.Miss.1984); 784 F.2d 600 (5th Cir.1986). In short, plaintiffs filed their original complaint on December 31, 1983 against ITT and Litton Systems; by memorandum opinion dated November 21, 1984, this court granted defendants' motion for summary judgment on grounds that plaintiffs' claims of negligence, strict liability in tort and breach of implied warranties were time-barred by the two-year limitation period contained in the Alabama Wrongful Death Act, Ala.Code § 6–5–410 (1975), where the accident occurred in Alabama and the Alabama statute of limitations was substantive law, *Price v. Litton Systems, Inc.,* 607 F.Supp. 30 (S.D.Miss.1984); on appeal, the Fifth Circuit affirmed this court's application of Alabama substantive law to the negligence and strict liability in tort claims but remanded the breach of warranty claims for a separate determination on the appropriate conflict of laws analysis to be applied. *Price v. Litton Systems, Inc.,* 784 F.2d 600 (5th Cir.1986). Plaintiffs appealed only from this court's judgment in favor of ITT, and Litton thus was finally dismissed from this action.

of the flight crew of a helicopter that crashed while on training exercises, killing all aboard. All crew members were wearing night vision goggles manufactured by ITT and both plaintiffs filed actions pursuant to the Mississippi wrongful death statute, Miss.Code Ann. § 11–7–13 (1972), alleging that the night goggles were defective. Plaintiffs sought recovery from two defendants—Litton Systems and ITT—under the theories of negligence, strict liability in tort and breach of express and implied warranties. The complaints were filed on December 31, 1983 in Mississippi state court and were subsequently removed to this court by defendants.

ITT is a Delaware corporation having its principal place of business in New York. The night vision goggles were manufactured at an ITT facility in Virginia. ITT and the United States Army signed the contract for the sale of the night vision equipment in New Jersey. The contract was negotiated either in New Jersey or at one of the ITT facilities in Virginia or California. The Army took delivery of the equipment in California on December 31, 1975, and the location of the subject matter of the contract, the equipment, on the date of delivery was at the ITT facility in California. The equipment was designed in California. Plaintiff Donaldson is presently a resident of Texas, although she lived in Alabama at the time this action was filed. Plaintiff Price is a resident of Iowa. ITT is registered to do and is presently doing business within the State of Mississippi.

■ Conspicuously absent from the allegations of plaintiffs' complaint is even a tenuous connection between Mississippi and the parties or facts underlying this cause of action. As stated by the Fifth Circuit on the appeal in this case, "Mississippi's sole contact with this litigation is that it is the forum state." 784 F.2d at 607. Mississippi will provide a forum for a non-resident plaintiff suing a foreign corporation doing business within the state on a cause of action arising outside the state. *Cowan v. Ford Motor Co.,* 694 F.2d 104 (5th Cir.1982). *Cowan* also established

that in the usual case a Mississippi court will apply the limitations period governing the cause of action under Mississippi law— normally the six-year statute of limitations on negligence claims, Miss.Code Ann. § 15–1–49 (1972), and products liability claims, *Ford Motor Co. v. Broadway,* 374 So.2d 207 (Miss.1979)—as limitations periods are deemed matters of procedural rather than substantive law. *Cowan,* 694 F.2d at 107; *see also Davis v. National Gypsum Co.,* 743 F.2d 1132, 1134 (5th Cir.1984). An exception to this general rule exists in cases where the limitations period is considered to be part of the substantive law because it is "built in" or "in the same enactment as the statute which creates the right of action." *Davis,* 743 F.2d at 1134.

■ The court will not here reiterate the basic conflict of laws principles set out in both this court's and the Fifth Circuit's previous opinions in this case. 607 F.Supp. at 31; 784 F.2d at 602–03. The only remaining claims of plaintiffs at this stage of the litigation are for breach of express and implied warranties. Two questions are before this court on remand: (1) whether application of Mississippi's unique conflict of laws rule for warranty claims, Miss. Code Ann. § 75–1–105 (Supp.1985), is constitutional, and, if not or if inapplicable, then (2) which state's laws govern the breach of warranty claims. This court's analysis and consequent *Erie*-guess are undertaken in deference to the purpose of the Mississippi Legislature in establishing the rules governing Mississippi warranty law.

The Mississippi version of the Uniform Commercial Code (U.C.C.) provides that recovery for physical injuries is available under a warranty theory notwithstanding the presence of a warranty disclaimer or the absence of privity of contract. *See* Miss. Code Ann. §§ 11–7–20, 75–2–318, –715(2)(b), –719(3) (1972 and Supp.1985); *Price,* 784 F.2d at 606–07. A Mississippi plaintiff's warranty claim for physical injuries arises solely under the Mississippi version of the U.C.C. and not under any general tort theory. *Price,* 784 F.2d at 607. When the state adopted the U.C.C. in 1966, the choice

of law provision in Miss.Code Ann. § 75–1–105 reflected that contained in the Model Code § 1–105. In 1978, however, the Mississippi Legislature amended the choice of law provision to require the application of Mississippi substantive law on privity, warranty disclaimers and limitations of remedies in an action brought in Mississippi, notwithstanding any agreement by the parties that the laws of another jurisdiction would govern their respective rights and duties.[2] In its present form, with the amended portion emphasized, the statute reads:

> (1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement, this code applies to transactions bearing an appropriate relation to this state. *Provided, however, the law of the State of Mississippi shall always govern the rights and duties of the parties in regard to disclaimers of implied warranties of merchantability or fitness, limitations of remedies for breaches of implied warranties of merchantability or fitness, or the necessity for privity of contract to maintain a civil action for breach of implied warranties of merchantability or fitness notwithstanding any agreement by the parties that the laws of some other state or nation shall govern the rights and duties of the parties.*

Miss.Code Ann. § 75–1–105 (Supp.1985) (emphasis added).

In the Fifth Circuit's opinion on the appeal of this case, the court noted that a "first glance" review of section 75–1–105 would indicate that "Mississippi law governs the warranty claims in this action." *Price*, 784 F.2d at 607. This court was then directed to address the constitutionality of applying Mississippi law to this case.

*Id.* In its brief and argument on the remand of this issue, ITT mounted a constitutional attack on section 75–1–105 by unabashedly quoting verbatim and without citation from a well-reasoned case comment appearing in the *Mississippi Law Journal.* *See* Comment, *A Constitutional Analysis of the Mississippi Commercial Code Conflict of Laws Provision,* 53 Miss.L.J. 619 (1983). The conclusion of ITT, by way of the reasoning of the commentator, Janet D. McMurtray, is that, in the absence of some connection between the controversy and Mississippi, application of Mississippi warranty law through the operation of section 75–1–105 violates the full faith and credit clause of the Constitution and the due process clause of the fourteenth amendment. *See Allstate Insurance Co. v. Hague,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981) (for state's substantive law to be selected in constitutionally permissible manner, state must have significant contact or significant aggregation of contracts, creating state interest, such that choice of its law is neither arbitrary nor fundamentally unfair); *John Hancock Mutual Life Insurance Co. v. Yates,* 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106 (1936) (full faith and credit clause requires forum state to give effect to valid defense under substantive law of sister state if contractual relation had no relation to forum state); *Home Insurance Co. v. Dick,* 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930) (state can prohibit making or performing of certain contracts within its borders, but cannot invalidate such contracts or impose greater obligation than that agreed upon when state lacks any contacts with transaction, as such violates guaranty against deprivation of property without due process).

Amended section 75–1–105 has not yet received judicial construction. ITT echoes Ms. McMurtray's assumption that since *Cowan* established *in personam* jurisdiction in Mississippi forums over all corporate defendants doing business in Mississippi, the substantive choice of law provi-

---

**2.** Act of Apr. 11, 1977, ch. 452, § 1, 1977 Miss. Laws 761. The amendment became effective on April 1, 1978. *Id.*

sions of amended section 75–1–105 would apply in all warranty claims regardless of the lack of contacts of the plaintiff and the cause of action with Mississippi. "In effect," Ms. McMurtray via ITT concludes, "no corporation doing any business within the State of Mississippi can ever disclaim liability or create a limitation of remedy for the implied warranties of merchantability and fitness for a particular purpose with any certainty whatsoever, because it may be invalidated if the plaintiff has the foresight to file his suit in Mississippi." 53 Miss.L.J. at 629.

The court's duty at this juncture is to logically construe the state statute in such a way as to avoid any serious doubt as to its constitutionality, if such construction is fairly possible. *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *Equal Employment Opportunity Commission v. Southwestern Baptist Theological Seminary*, 651 F.2d 277 (5th Cir.1981). The court is of the opinion that a constitutional construction of section 75–1–105 is not only fairly possible but, indeed, more consistent with logic than the construction urged by ITT. Simply put, the court does not read the amended substantive provision of section 75–1–105 as divorced and isolated from the previous procedural provision of the statute. The first two sentences of section 75–1–105 enunciate the requirement that the transactions to which the Mississippi U.C.C. applies bear a "reasonable" and "appropriate relation to this state." When such relation is present, or when the state has significant contacts with the action so as to create state interest, even the Court in *Hague* recognized that "choice of [that state's substantive] law is neither arbitrary nor fundamentally unfair." 449 U.S. at 313, 101 S.Ct. at 640. There is no doubt that the unique Mississippi amendment to section 75–1–75 is substantive in nature; however, a reasonable interpretation of the statute incorporates

the appropriate relation requirement in determining choice of law in a Mississippi warranty action.[3] The court concludes that section 75–1–105 authorizes the application of Mississippi substantive law on privity, disclaimers and limitation of remedies in a warranty action only when the transaction giving rise to the warranty claim bears some reasonable and appropriate relation to Mississippi. In the absence of such relation, application of Mississippi substantive warranty law violates constitutional guarantees.

No such appropriate relation exists in this case. The court therefore turns to the question of which state's or states' laws should govern the instant warranty claims. Mississippi has clearly indicated that it applies the center of gravity doctrine first enunciated in a tort case, *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968), in a contract action. *Spragins v. Louise Plantation*, 391 So.2d 97, 99 (Miss.1980); *Craig v. Columbus Compress & Warehouse Co.*, 210 So.2d 645, 659 (Miss.1968). Indeed, two cases decided before the 1978 amendment to section 75–1–105(1) indicated that Mississippi utilizes the center of gravity doctrine in actions brought under Article 2 of the Mississippi Commercial Code. *Bunge Corp. v. Biglane*, 418 F.Supp. 1159, 1164 (S.D.Miss.1976); *Dunavant Enterprises, Inc. v. Ford*, 294 So.2d 788, 791 (Miss.1974). *Bunge* and *Dunavant* construed section 75–1–105 to require application of the significant contacts analysis, and are particularly relevant in light of this court's determination that the 1978 amendment to section 75–1–105 did not abrogate that requirement. In *Bunge* the court adopted the following factors from section 188 of the Restatement (Second) Conflict of Laws in determining the applicable law in the absence of a choice of law by the parties:

(a) the place of contract,

---

**3.** The court notes that the "Except as provided hereafter in this section" language in section 75–1–105 also appears in Model Code § 1–105 and obviously refers to choice of law in actions brought under the Code provisions designated in section 75–1–105(2) and Model Code § 1–105(2), rather than specifically referring to the unique Mississippi amendment in section 75–1–105(1).

(b) the place of negotiation of contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

481 F.Supp. at 1164.

 None of these factors point to Mississippi for application of its laws to the instant action. As stated, the place of contracting between ITT and the Army was New Jersey. The contract was negotiated in either New Jersey, Virginia or California, but the performance and the location of the subject matter of the contract on the day of delivery was in California. The court therefore concludes that the weight of these factors points to California. While it appears that California law requires privity of contract or that plaintiff be a member of the purchaser's household to maintain an action for breach of implied warranties, *Halter v. Zogarts*, 14 Cal.3d 104, 534 P.2d 377, 120 Cal.Rptr. 681 (Cal.1975), this court does not rest its determination on the lack of privity in this wrongful death action. Rather, the critical issue is whether this action is time-barred.

 The parties do not dispute that California regards its statutes of limitations as matters of procedural rather than substantive law. Thus, under the teaching of numerous cases the most recent of which is *Davis v. National Gypsum Co.*, 743 F.2d 1132, 1134 (5th Cir.1984), it would appear that a Mississippi court would be justified in applying the appropriate Mississippi statute, section 75–2–725, to this case.[4]

 Plaintiffs contend that their warranty claims arise under both the Mississippi Commercial Code and Mississippi common law, and that their claims for breach of common law warranties accrued on the date of injury (July 14, 1978) rather than the date of sale of the product (December 31, 1975). Thus, plaintiffs conclude, their action is not barred by application of the six-year limitations period for warranty claims under Miss.Code Ann. § 75–2–725, which states that a cause of action for breach of warranty accrues when tender of delivery is made. The court rejects this argument and concludes that Mississippi's adoption of the U.C.C. warranty provisions subsumed and displaced all common law causes of action for physical injuries under a warranty theory. *See* Miss.Code Ann. § 75–1–102, –103; *Alexander v. Conveyors & Dumpers Inc.*, 731 F.2d 1221, 1227–28 (5th Cir.1984). The court also rejects plaintiffs' argument that section 75–2–725 is a statute of repose and thus unconstitutional, in light of the fact that Mississippi applies the six-year statute running from the date of *injury* in a strict liability in tort action, providing plaintiffs with an adequate remedy. *Alexander*, 731 F.2d at 1228. Plaintiffs' complaints in this cause were filed on December 31, 1983, *eight years* to the day from tender of delivery of the night vision equipment. Therefore, plaintiffs' warranty claims are barred by limitations under section 75–2–725.[5]

For the reasons stated above, this court is of the opinion that defendant's amended motion for summary judgment should be granted. A separate judgment shall be submitted in accordance with the local rules.

4. In *White v. Malone Properties, Inc.*, No. 55,195 (Miss.Sup.Ct., Mar. 12, 1986), the Mississippi Supreme Court temporarily abandoned the use of the substantive/procedural distinction in addressing limitations questions in favor of a center-of-gravity analysis. On rehearing, 494 So.2d 576 (Miss.1986), the original opinion was withdrawn, and the court thus considers the limitations issue, which is dispositive of this action, in light of the controlling Fifth Circuit precedent in *Cowan*, 694 F.2d at 107, and *Davis*, 743 F.2d at 1134.

5. California has adopted the limitations provision for contracts of sale contained in the Model Code § 2–725 and requires that actions based on express or implied warranties be brought within four years from date of sale. California Commercial Code, Chap. 7, *Sales*, § 2725. Thus, even were the court to apply the appropriate California limitations period, this action would be barred as it was brought exactly eight years after the date of sale.