**FURR MARKETING, INC., Plaintiff,**

v.

**ORVAL KENT FOOD COMPANY, INC., Defendant.**

Civ. A. No. J87–0524(L).

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 12, 1988.

885

James J. Fougerousse, Jackson, Miss., for plaintiff.

Barbara Childs Wallace, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Orval Kent Food Company (Kent) to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Plaintiff Furr Marketing, Inc. (Furr) filed timely response to the motion, and the court has considered the memoranda of the parties in reaching its decision.

The parties entered into an agreement appointing Furr as a broker for certain of defendant's products. The brokerage agreement provided for termination by either party upon thirty days' written notice. By attachment to the contract, Furr's general territory and specific customers were stated. Plaintiff charges that Kent breached the brokerage agreement by assigning other brokers to Furr's customer accounts listed in the attachment to the contract. Plaintiff also alleges breach of fiduciary duty, breach of duty of good faith and fair dealing, interference with existing and prospective contractual relationships and negligence. Kent has moved to dismiss the complaint on the ground that it fails to state a claim for which relief can be granted.

■ In count one of the complaint, Furr alleges breach of the contract by the appointment of other brokers to certain of Furr's assigned accounts under the contract without any attempt to amend the contract. Kent contends that this allegation is defective in two respects. First, defendant asserts that such appointment of other brokers could be a breach of contract only if the agreement between Furr and Kent were an exclusive brokerage agreement, and that since plaintiff does not allege in the complaint that the agreement was exclusive, the complaint does not state a claim on which relief may be granted. Second, defendant argues that the contract by its terms is clearly not exclusive, and that therefore plaintiff's claim is insufficient as a matter of law and should be dismissed.

■ The court notes that the brokerage agreement does not mention exclusivity at all; it provides neither that the brokerage arrangement is exclusive as to customers or territory nor that it is not exclusive. In the court's opinion, since the contract is not clear as to the question of exclusivity, that question is susceptible to resolution by extrinsic evidence including, *inter alia,* evidence of trade usage. Therefore, the failure of the contract expressly to state that the assigned territory and customers were exclusive to Furr does not, in the court's view, warrant dismissal of this claim.

As to the purported inadequacies in the language of the complaint, the court notes

that a motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Deubert v. Gulf Federal Savings Bank,* 820 F.2d 754, 756 (5th Cir.1987). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. Under Rule 8, all that is required is " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (footnote omitted) (quoting Fed.R.Civ.P. 8(a)(2)).

Applying the standards set forth in *Conley,* the court concludes that Furr's complaint gives defendant fair notice of the substance of Furr's claim and the grounds upon which it rests. Since the question of exclusivity is not clearly resolved by the language of the contract, it is not clear from the complaint that Furr can prove no set of facts which would establish his claim for breach of contract. Accordingly, plaintiff's motion to dismiss should be denied with respect to count one of plaintiff's complaint alleging breach of contract.

■ The second count of plaintiff's complaint charges breach of fiduciary duty. Applying the *Conley* standard for testing the legal sufficiency of a claim, the court determines that the complaint and contract clearly establish that as a matter of law no fiduciary duty existed. *See* 12 Am.Jur.2d *Brokers* § 100 (1964) (principal does not have fiduciary duty to broker). Consequently, defendant's motion to dismiss with regard to count two of the complaint should be granted.

■ Furr also alleges, in count three of the complaint, breach of duty of good faith and fair dealing. Under Illinois law, which, as set forth in the contract, governs the agreement, an implied covenant of good faith and fair dealing is not an independent basis for a cause of action. *See Gordon v. Matthew Bender & Co.,* 562 F.Supp. 1286, 1289 (N.D.Ill.1983). Thus, while the duty of good faith and fair dealing may be significant in determining whether defendant breached the contract, breach of that duty cannot stand alone as a separate basis for relief. Accordingly, this claim should be dismissed.

■ In the sixth count of its complaint, denominated "negligence," plaintiff asserts that defendant "had a duty to use reasonable care regarding the assigned accounts and the territory to be covered by the Plaintiff," and that when defendant "began a pattern of breaching [the contract] it did so in a willful, wanton, or reckless manner with a conscious and deliberate disregard for Plaintiff's business. . . ." It is apparent that count six is, in essence, a reiteration of the claim for breach of contract, with the additional allegation that defendant breached the contract negligently. The purported negligent conduct was the very conduct that allegedly constituted a breach of the contract. Whether the conduct of the defendant was negligent or intentional is irrelevant in determining whether a breach of contract occurred. Thus, the allegation of negligence adds nothing which would give rise to a cause of action apart from the basic claim for breach of contract. It is therefore duplicative and the court is of the opinion that the claim should be dismissed. Plaintiff apparently alleges willful, wanton and reckless conduct in an attempt to obtain punitive damages. However, the separate claim for negligence is not necessary to plaintiff's ability to seek punitive damages and, being essentially duplicative of the breach of contract claim in count one, should be dismissed.[1]

Counts four and five of Furr's complaint allege intentional interference with both existing and prospective contractual relationships. Kent argues that the complaint is insufficient in that plaintiff failed to allege essential elements in those causes of ac-

---

**1.** While plaintiff did not pray for punitive damages on count one, the court notes that plaintiff did allege that defendant willfully breached the contract. Therefore, the court's dismissal of count six will not prejudice any claim plaintiff may have for punitive damages.

tion, namely, the existence of a contractual relationship with a third party, the potentiality of a contractual relationship, and Kent's knowledge of such existing or prospective contractual relationships. The court, however, is of the opinion that Furr set forth its claims in counts four and five with sufficient detail to satisfy the *Conley* standard.

Despite this, however, the court is of the opinion that plaintiff's claims for interference with existing and prospective contractual relationships must be dismissed for reasons apart from the detail or specificity with which the claims were pleaded. Accepting the factual allegations in the complaint as true, the court notes that the parties agreed for Furr to act as a broker in the sale of defendant's products. A broker is an agent employed to make bargains or contracts on behalf of his principal for a commission or fee. 12 Am.Jur.2d *Brokers* § 1 (1964); *Black's Law Dictionary* 174 (5th Ed.1979). Thus the sales by Furr of Kent's products were transactions between the customer and Kent rather than between Furr and the customer. Any existing or prospective contractual relationships interfered with would thus, of necessity, be those of Kent and not Furr. Consequently, plaintiff cannot establish an essential element of the cause of action, the existence or likelihood of a contract between *the plaintiff* and a third party. *See Lusher v. Becker Bros., Inc.*, 155 Ill.App. 3d 866, 108 Ill.Dec. 748, 509 N.E.2d 444 (1987). The court therefore concludes that counts four and five of the complaint should be dismissed.

For the reasons set forth herein, it is ordered that plaintiff's claims set forth in counts two through six of the complaint are dismissed but that defendant's motion to dismiss count one of the complaint is denied.