**IHP INDUSTRIAL, INC.**

v.

**PERMALERT, Esp., a/k/a Environmental Specialty Products, Inc., Defendant.**

**Civil Action No. 4:96–CV–077(L)(N).**

United States District Court,
S.D. Mississippi,
Eastern Division.

Oct. 25, 1996.

---

Roy .A. Smith, Daniel, Coker, Horton & Bell, Jackson, MS; E. Wayne Taff, Kansas City, MO; Richard D. Fry, Kansas City, MO, for Plaintiff.

Luther S. Ott, Ott & Purdy, Jackson, MS; Lindsay C. Patterson, McGlinchey Stafford Lang, Jackson, MS; Ty D. Laurie, John F. Lapham, Daniel S. Brennan, Schiff Hardin & Waite, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendant PermAlert, Esp., a/k/a Environmental Specialty Products, Inc. (PermAlert) to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Plaintiff IHP Industrial, Inc. (IHP) opposes the motion, and the court, having

considered the memoranda and submissions of the parties, now concludes that the motion should be granted in part and denied in part.

■ In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the court must accept as true, the facts alleged in the complaint or pleadings, together with all reasonable inferences therefrom, to determine whether the allegations state any basis for legal relief." *Ingebretsen v. Jackson Public School Dist.*, 864 F.Supp. 1473, 1480 (S.D.Miss.1994), *aff'd* 88 F.3d 274 (5th Cir. 1996). The facts alleged by IHP are as follows. IHP, a Missouri corporation qualified to do business in Mississippi, entered into a contract with PermAlert, an Illinois corporation, for the purchase of double-contained pipes. IHP needed the pipes in forty-foot sections to be used as part of an underground jet fuel distribution for the Mississippi Air National Guard at Key Field in Meridian, Mississippi, a fact of which PermAlert was aware. During the negotiation process, PermAlert represented to IHP that the pipes would be manufactured in a good and workman-like manner, free of defects and negligence, and that the factory joints, caused by the joining of two twenty-foot pipes, would be sealed and tested to withstand fifteen pounds of pressure per square inch. Based on these representations and relying on PermAlert's business judgment, IHP entered the contract.

Following delivery of the first shipment of pipes, PermAlert informed IHP that a review of the quality assurance records indicated that PermAlert had failed to sign off on the test sheets. However, PermAlert did not reveal, in an effort to induce IHP's further reliance, that the pipes had never been tested. Relying on this material omission and further misrepresentations, IHP installed and tested the pipe at eight pounds of pressure per square inch in accordance with the instruction manual supplied by PermAlert, and with the assistance of PermAlert's field technician. IHP then backfilled the trenches in which the pipe was laid. Thereafter, IHP determined that water was infiltrating the outer containment pipes, necessitating that the pipes be re-tested at fifteen pounds of pressure per square inch. During the re-testing, many of the factory joints failed, requiring IHP to excavate the defective pipe, then field wrap all of the containment pipe joints. IHP, within eight days of discovering the failure, notified PermAlert that the factory joints were defective. As a result of PermAlert's actions, IHP was damaged in excess of $832,537.74 and alleges the following causes of action against PermAlert: 1) breach of express warranty; 2) breach of the implied warranties of fitness for a particular purpose and merchantability; 3) fraudulent misrepresentation; and 4) negligence.

PermAlert seeks to have all of IHP's claims dismissed, save the claim for breach of express warranty. In support of its motion, PermAlert argues that, despite IHP's assertion to the contrary, the parties chose Illinois law to govern their contract and that pursuant to Illinois law, the disclaimer in PermAlert's order acknowledgment is effective to preclude IHP from recovery under an implied warranty theory. PermAlert further argues that application of § 75–1–105 [1], Mississippi's unique choice of law provision, would be unconstitutional because, utilizing the significant contacts requirement of the Second Restatement of Conflicts, this warranty action lacks a reasonable and appropriate relation to Mississippi. PermAlert also maintains that application of § 75–1–105(1) to an out-of-state corporation with no significant contacts with Mississippi, not only defeats

---

**1.** Miss.Code Ann. § 75–1–105(1) (1978) provides: Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement, this code applies to transactions bearing appropriate relation to this state. Provided, however, the law of the State of Mississippi shall always govern the rights and duties of the parties in regard to disclaimers of implied warranties of merchantability or fitness, limitations of remedies for breaches of implied warranties of merchantability or fitness, or the necessity for privity of contract to maintain a civil action for breach of implied warranties of merchantability or fitness notwithstanding any agreement by the parties that the laws of some other state or nation shall govern the rights and duties of the parties.

the purpose of § 75–1–105(1)—to protect Mississippi residents—but also allows IHP to escape its contractual obligations.

As the case *sub judice* is a diversity action, under *Klaxon* this court must apply the law of the forum state, including the state's conflict of laws rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). As previously noted, § 75–1–105, Mississippi's conflict of law rule for warranty claims, requires "the application of Mississippi substantive law on privity, warranty disclaimers and limitations of remedies in an action brought in Mississippi, notwithstanding any agreement by the parties that the laws of another jurisdiction would govern their respective rights and duties." *Price v. International Tel. and Tel. Co.*, 651 F.Supp. 706, 709 (S.D.Miss.1986).

The two issues presented to this court in *Price* were whether § 75–1–105 was constitutional and, if not or inapplicable, which state's laws governed the parties' breach of warranty claims. *Price*, 651 F.Supp. at 708. The court found that the substantive choice of law provision of § 75–1–105 could not be divorced from the "reasonable" and "appropriate" relation language contained in the preceding procedural provision of the statute. *Id.* at 710. Accordingly, the court concluded that "section 75–1–105 authorizes the application of Mississippi substantive law on privity, disclaimers and limitations of remedies only when the transaction giving rise to the warranty claim bears some reasonable relation to Mississippi." *Id.* at 709. The court then determined that where Mississippi's sole contact with the litigation was as the forum state, an appropriate relationship so as to warrant application of Mississippi law did not exist. *Id.* at 708, 710. Only after finding that no "reasonable and appropriate" relation existed, did the court employ the significant contact analysis of the Second Restatement to determine which state's law applied. *Id.* at 710–11.

**2.** The court in *Allstate* explicitly refused to endorse one choice of law analysis over another in determining "whether the Minnesota Supreme Court's choice of its own substantive law … exceeded federal constitutional limits." *Allstate,*

■ Under U.C.C. § 1–105, the parties' contractual choice of law will be upheld "unless the transaction lacks a normal connection with the state whose law was selected." *Superfos Inv., Ltd. v. FirstMiss Fertilizer, Inc.*, 809 F.Supp. 450, 452 (S.D.Miss.1992). Thus, "[o]nly when it is shown that the contact did not occur in the normal course of the transaction, but was contrived to validate the parties' choice of law [will] the relationship be held unreasonable." *Id.* While this court has indicated that this standard might apply to the transactional relation test for applicability of Mississippi law to implied warranty disclaimers and limitation of remedies, *See Apache Prod. Co. v. Employers Ins. of Wausau*, 154 F.R.D. 650, 656 (S.D.Miss.1994), in the instant case, it is apparent that the transaction is more than reasonably related to Mississippi.

■ Accepting as true IHP's allegations that PermAlert 1) entered into a contract to be performed in Mississippi; 2) shipped its product to Mississippi; and 3) sent a field technician to aid in the installation of the pipes in Mississippi, the court concludes that Mississippi is not only reasonably related to the transaction, but also has "a significant contact or significant aggregation of contacts, creating [a] state interest[ ], such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 313, 101 S.Ct. 633, 640, 66 L.Ed.2d 521 (1981). The court therefore concludes that, regardless of whether Mississippi has the *most* significant relationship to the transaction[2] or whether the contract contained any choice of law provision to the contrary, Mississippi substantive law applies to IHP's implied warranty claims. Furthermore, the court finds that IHP's allegations are sufficient under Mississippi Code Sections 75–2–314 and 75–2–315 to state claims for breach of the implied warranties of merchantability and fitness for a particular purpose and thus PermAlert's motion to dismiss the implied warranty claim will be denied.

449 U.S. at 307, 101 S.Ct. at 637. Considering this, the court finds resort to Mississippi's center of gravity, most significant contacts analysis unnecessary to resolve the constitutional issue presented.

PermAlert next argues that, under the law of both Illinois and Mississippi, IHP's fraudulent misrepresentation claim cannot stand because the alleged misrepresentation refers only to future acts and thus constitutes only promissory fraud which is generally not actionable. Furthermore, PermAlert contends that IHP's allegation does not fall within the narrow exception to promissory fraud recognized by both Mississippi and Delaware law which allows a claimant to go forward "where the false promise or representation of intention of future conduct is the scheme or device to accomplish the fraud." *Bower v. Jones,* 978 F.2d 1004, 1011 (7th Cir.1992); *See Kidd v. Kidd,* 210 Miss. 465, 49 So.2d 824, 827 (1951). Finally with regard to IHP's fraud claim, PermAlert, in its reply brief, asserts that IHP's claim "amounts to nothing more than a thinly veiled breach of contract claim," and thus, plaintiff's remedy, if any, is for breach of contract or express warranty.[3]

No choice of law analysis is required for the purpose of determining whether Illinois or Mississippi law applies as IHP states a claim for fraudulent misrepresentation under both. The court rejects PermAlert's argument that IHP has merely alleged promissory fraud which is generally not actionable. In its amended complaint, IHP alleges that PermAlert did disclose that during a review of the quality assurance records related to the first of five shipments of pipe, it "discovered that the pneumatic tests on these pipes were not signed off on the test sheets," but it failed to tell IHP that no tests whatsoever were performed on the pipes. IHP submits PermAlert thereby omitted to apprise IHP of a material present fact. IHP also alleges that PermAlert's employee affirmatively misrepresented that he had inspected the pipes included in the first shipment and found them suitable for installation. These allegations are sufficient to state a claim for fraud.

Additionally, because IHP seeks punitive damages as a result of PermAlert's alleged fraudulent misrepresentations, its claim amounts to more than a "thinly disguised breach of contract claim," as asserted by PermAlert. The case *sub judice* is distinguishable from *Furr Marketing, Inc. v. Orval Kent Food Co.,* 682 F.Supp. 884, 886 (S.D.1988), in which this court dismissed a plaintiff's negligence claim after finding that it was merely "a reiteration of the claim for breach of contract." Unlike the plaintiff in *Furr,* IHP has not alleged a willful breach of the contract, and thus a separate claim for fraudulent misrepresentation which includes a request for punitive damages is not duplicative of the breach of express warranty claim. *Id.* For these reasons, PermAlert's motion to dismiss IHP's fraudulent misrepresentation claim will be denied.

As to IHP's negligence claim, PermAlert asserts that Illinois law, which the parties agreed in their contract would apply to disputes arising under the contract, precludes recovery under a negligence theory since IHP alleges only economic loss which is "defined as 'damages for inadequate value, cost of repair and replacement of the defective product, or consequent loss of profit—without claim of personal injury or damage to other property.'" *Moorman Mfg. Co. v. National Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 752, 435 N.E.2d 443, 449 (1982). PermAlert points out that under *Moorman,* tort law affords protection only if a "sudden and calamitous occurrence.caused personal injury or property damage," and thus, where IHP discovered the defect in the pipes through pneumatic testing, it fails to state a negligence claim under Illinois law.

IHP denies that Illinois law applies, and contends instead that Mississippi law applies. However, in the court's opinion, the law of both Mississippi and Illinois preclude IHP's recovery of economic losses under a negligence theory. This court held in *East Mis-*

---

3. PermAlert presented an alternative argument in both the memorandum in support of its motion to dismiss and the reply brief that IHP had failed to plead its fraud claim with the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure. On September 16, 1996, Magistrate Judge Alfred G. Nicols, Jr. granted IHP's motion for leave to file its first amended complaint and IHP filed the amended complaint on September 27, 1996, during the challenged pleading deficiency. PermAlert failed to file its amended answer, or to request additional time in which to answer, by October 7, 1996, the date designated by the magistrate.

*sissippi Power Ass'n v. Porcelain Products Co.,* 729 F.Supp. 512, 514 (S.D.Miss.1990), that the Mississippi Supreme Court would deny recovery under either a strict liability or negligence theory "for a product defect where that defect results in damage to the product itself and thus causes only economic loss to its purchaser." As in *East Mississippi,* IHP's claim that the factory joints in the pipes supplied by the PermAlert leaked "is not a claim for the kind of accidental physical injury against which tort law was designed to protect consumers. In contrast, this is a commercial dispute in which commercial purchasers complain that a product has not functioned as was expected and intended." *Id.* at 517. Likewise, the court concludes that IHP has failed to plead a "sudden and calamitous occurrence caus[ing] personal injury or property damage," so as to bring its claim within the purview of Illinois law as established by *Moorman.* Accordingly, the court finds that PermAlert's motion to dismiss for failure to state a claim of negligence should be granted.

For the foregoing reasons, it is ordered that PermAlert's motion to dismiss is denied as to IHP's claims for breach of implied warranties and fraudulent misrepresentation and is granted as to IHP's negligence claim.