Laura Garner DAVIS, Plaintiff-Appellee,

v.

NATIONAL GYPSUM COMPANY,
Defendant-Appellant.

No. 84–4281.

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1984.

Rehearing Denied Nov. 29, 1984.

James W. Nobles, Jr., Charles W. Witt, Jackson, Miss., for defendant-appellant.

Brunini, Grantham, Grower & Hewes, Christopher A. Shapley, Jackson, Miss., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Maymon Lloyd Garner was killed on December 20, 1979, when a mortar shell prematurely exploded during Army training exercises at Fort Carson, Colorado. Garner was a Mississippi resident, but had been stationed at Fort Carson for approximately nine months prior to his death. On August 27, 1982, Laura Garner Davis filed this diversity action alleging that National Gypsum Company manufactured the defective mortar shell which caused her son's death. The district court determined that under Mississippi choice of law rules, Colorado substantive law should apply. The court then granted National Gypsum's motion for summary judgment on the ground that the action was barred by Colorado's two-year statute of limitation for wrongful death actions. In this appeal, Ms. Davis contends that under Mississippi choice of law principles Mississippi substantive law should apply, and alternatively that Colorado's three-year products liability statute of limitation is applicable rather than the two-year wrongful death statute. We affirm the district court's decision to apply Colorado's substantive law. However, in deference to Colorado's position that its two-year time limitation to bring a death action is procedural, we conclude that Mississippi's six-year statute of limitation should be applied.

## II. CHOICE OF LAW

In this diversity case we are, of course, *Erie*-bound to apply Mississippi's conflict of laws rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under the "center of gravity" test adopted in *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968), Mississippi courts will apply the substantive law of the state having the most substantial contacts with the suit. The parties agree that *Mitchell* governs this choice of law question, but diverge on whether under *Mitchell* the law of the forum or the law of the place of injury is presumed to be applicable. As the district court noted, the *Mitchell* opinion contains language which

arguably supports both views. A reading of the entire opinion, however, leads to the conclusion that the Mississippi courts will apply the law of the place of injury unless another state has a more substantial relationship to the action.

Ms. Davis relies on *Mitchell*'s initial statement that "we will assume that a case is to be governed by the law of the forum unless it is expressly shown that a different law applies ...." 211 So.2d at 512. National Gypsum relies on a later statement that "ordinarily, the local law of the state where the injury occurred will determine the rights and the liabilities of the parties ...." *Id.* at 516.

National Gypsum has the better of the argument. The second statement is directed specifically to conflict of laws principles in tort actions; the first statement to conflict of laws in general. *Mitchell* also quotes § 175 of the Restatement (2d) Conflict of Laws as summarizing the applicable rule:

> In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties *unless*, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied. (emphasis added).

211 So.2d at 515. *Accord Butler v. United States*, 726 F.2d 1057, 1066 (5th Cir.1984).

*Mitchell* states four factors to be used in evaluating the substantiality of the state's contacts with a particular action. These are:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

211 So.2d at 515 (quoting Restatement (2d) Conflict of Laws § 145(2)).

■ In this case the only contact favoring application of Mississippi law is the residence of the decedent and Ms. Davis. The injury occurred in Colorado, and the slight relationship of the parties was centered in Colorado. The defective mortar round was apparently manufactured in Kansas, and National Gypsum's place of incorporation and principal place of business are Delaware and Texas, respectively. Maymon Garner was stationed in Colorado at the time of his death. This is not a case in which it was "clearly fortuitous" that the accident occurred in another state. *Cf.*, *Vick v. Cochran*, 316 So.2d 242, 246 (Miss. 1975). We therefore hold that under Mississippi conflict of laws principles, Colorado has a more substantial relationship to this action than does Mississippi. *Accord Butler v. United States*, 726 F.2d at 1066; *Wright v. Standard Oil Co.*, 470 F.2d 1280 (5th Cir.1972), *cert. denied*, 412 U.S. 938, 93 S.Ct. 2772, 37 L.Ed.2d 398 (1973); *Ramsay v. Boeing Co.*, 432 F.2d 592 (5th Cir. 1970).

### III.  STATUTE OF LIMITATIONS

Ms. Davis argues that Colorado's three-year products liability statute of limitations, Col.Rev.Stat. § 13–80–127.5, should apply; National Gypsum contends the district court correctly determined that the two-year statute in the Colorado wrongful death act itself, Col.Rev.Stat. § 13–21–204, bars this action. We find that the six-year Mississippi statute of limitations is applicable.

■ Although Mississippi applies the substantive law of the state having the most significant relationship to the litigation, it applies its own law in matters of procedure, including statutes of limitation. *Maryland Casualty Co. v. Williams*, 377 F.2d 389, 393 (5th Cir.1967); *Guthrie v. Merchants National Bank of Mobile*, 254 Miss. 532, 180 So.2d 309, 315 (1965). National Gypsum's argument is premised on the widely-accepted wisdom that limitation periods contained in wrongful death statutes extinguish the right to bring the action itself, not merely the right to pursue a remedy. Such limitation periods are thus treated as substantive law rather than procedural law. *See, e.g., Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566, 571 (5th Cir. 1982); *Bazdar v. Koppers Co.*, 524 F.Supp. 1194, 1199 (N.D.Ohio 1981); *Davis v. Meridian & Bigbee R. Co.*, 248 Miss. 707, 161 So.2d 171, 172–73 (1964). National Gypsum cites *Ritter v. Aspen Skiing Corp.*, 519 F.Supp. 907, 908 (D.Col.1981), for the proposition that the two-year statute in § 13–21–204 is substantive and thus would be applied by Mississippi courts to bar this action. Since the *Ritter* decision, however, the Colorado Court of Appeals has specifically held "the purpose and the effect of § 13–21–204 ... are more similar to those of a statute of limitations than to nonclaim statutes .... The time limitation in this statute affects the beneficiary's remedy to recover for net pecuniary loss without imposing a condition precedent to the enforcement of the right of action .... The emphasis of the statute is on the remedy and not the cause of action ...." *Barnhill v. Public Service Co.*, 649 P.2d 716, 719 (Col. Ct.App.1982). The district court in this case was not convinced that the Colorado court in *Barnhill v. Public Service Co.* concluded that § 13–21–204 is procedural in nature. We disagree and conclude that *Barnhill* teaches us that the time limitation in § 13–21–204 is a matter of procedural law rather than substantive law.

Mississippi honors the construction given a statute by the courts of the state whose legislature enacted it. *Ramsay v. Boeing Co.*, 432 F.2d at 599; *Davis v. Meridian & Bigbee R. Co.*, 161 So.2d at 172–73. In this case, then, Mississippi courts would characterize § 13–21–204 as procedural rather than substantive, and thus would apply Mississippi's six-year general statute of limitations, Miss.Code Ann. § 15–1–49 (1972). We agree with National Gypsum's earnest instruction that we are bound to apply Mississippi's choice of law rules as they currently exist. The judgment of the trial court is therefore reversed and the case remanded for further proceedings.

REVERSED and REMANDED.