**Leola Marie JACKSON, Plaintiff,**

v.

**NATIONAL SEMI-CONDUCTOR DATA CHECKER/DTS, INC., Defendant.**

**Civ. A. No. S84–0722(NG).**

United States District Court,
S.D. Mississippi, S.D.

Nov. 14, 1986.

David C. Frazier, Pascagoula, Miss., Joseph M. Matranga, Mobile, Ala., for plaintiff.

J. Robert Ramsay, Hattiesburg, Miss., Stephen A. Anderson, Mark W. Davis, Alben N. Hopkins, Gulfport, Miss., for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

Plaintiff Leola Marie Jackson filed this diversity action against Defendant National Semi-Conductor Data Checker/DTS, Inc., ("National") on April 2, 1985,[1] to recover for injuries allegedly sustained by her on January 23, 1983, while working as a cashier in the cafeteria of the Providence Hospital located in Mobile, Alabama. Plaintiff alleges that while operating a cash register manufactured by National the cash register drawer became jammed and, upon depressing the machine's manual release button, "sudden[ly] and violent[ly] ... ejected out of its jammed condition into the right arm of the Plaintiff, thereby causing the Plaintiff to sustain painful and permanent personal injuries ...".[2] Plaintiff's Amended Complaint alleges separate counts of breach of implied warranty, negligence and strict liability in tort for the design, manufacture and sale of a defective product. For the reasons stated below, the Court is of the opinion that National's motion for summary judgment should be granted as to all three counts.

## I. STATEMENT OF FACTS

A majority of the salient facts which underlie this action are not contested by the parties:

1. The Plaintiff, Leola Marie Jackson, is a resident of Mobile, Alabama, and has been living in Mobile, Alabama, for thirty-five (35) years.

2. At the time of the alleged accident, the Plaintiff, Leola Marie Jackson, was a resident of Mobile, Alabama.

3. The alleged injury occurred at the Providence Hospital located in Mobile, Alabama.

4. The Plaintiff, Leola Marie Jackson, was an employee of Providence Hospital located in Mobile, Alabama.

5. The cash register described in the Plaintiff's Complaint was sold to the Providence Hospital by Business Control Systems, a company located in Mobile, Alabama.

6. The Plaintiff, Leola Marie Jackson, has been employed at Providence Hospital

---

1. Plaintiff's initial Complaint filed August 10, 1984, named National Cash Register Company as the Defendant. No responsive pleading having been served, Plaintiff filed her Amended Complaint against the present Defendant as a matter of course as is permitted under Rule 15(a) of the Fed.R.Civ.P. An Order of Dismissal dismissing without prejudice National Cash Register Company was entered by the Court on April 2, 1985.

2. Plaintiff's Amended Complaint, p. 3.

in Mobile, Alabama, since 1967, excluding a two (2) year period from 1968 to 1970.

7. The Plaintiff was treated for her injuries at the Providence Hospital located in Mobile, Alabama. The surgery performed on the Plaintiff was done by Dr. William Parks, III, an orthopedic surgeon, located in Mobile, Alabama. The surgery was performed at Providence Hospital. All of the Plaintiff's medical treatments occurred in Mobile, Alabama.

8. The Plaintiff filed a Workmen's Compensation claim in Alabama as a result of the accident described in the Plaintiff's Complaint.

9. The Defendant does business in Alabama.

10. The Defendant also does business in Mississippi.

11. The Plaintiff's cause of action arose on January 23, 1983, the date of the alleged accident at Providence Hospital in Mobile, Alabama.

12. The Plaintiff's Amended Complaint against the Defendant, National Semi-Conductor Data Checker/DTS, Inc., was filed on April 2, 1985.

The record in this cause (including answers to discovery requests filed by the parties) discloses additional facts pertinent to the disposition of National's motion. National was incorporated under the laws of the state of Delaware and has as its principle place of business, Maynard, Massachusetts. According to a certificate from the Mississippi Secretary of State's office, National did not become a resident corporation of the state of Mississippi and was not licensed to do business within the state of Mississippi until June 30, 1983. Data Terminal Systems, which designed and manufactured the cash register described in the Amended Complaint, was acquired by National in June 1983. Data Terminal Systems has never been qualified to do business within the state of Mississippi according to an affidavit from the Mississippi Secretary of State's office signed May 14, 1986.

National sells Data Terminal Systems cash registers to wholesalers, who in turn distribute the cash registers to the ultimate consumers or users. Data Terminal Systems sold the cash register described in the Amended Complaint to Business Control Systems, Inc., in Mobile, Alabama, which delivered it to Providence Hospital on November 22, 1976.

## II. CONCLUSIONS OF LAW

A grant of summary judgment is appropriate when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *Also see Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986).

In support of its motion National has advanced two arguments: (1) that Plaintiff's claims are barred in Mississippi as a result of Alabama's one-year statute of limitations, and (2) that Plaintiff's claims are barred in Mississippi by Miss.Code Ann. Section 15–1–65 (1972).

As the case *sub judice* is a diversity action, this Court is required to apply the law of the forum state, including that state's conflict of laws rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Mississippi courts recognize the "center of gravity" test adopted in *Mitchell v. Craft*, 211 So.2d 509 (Miss.1978) and will apply the substantive law of the state having the most substantial contacts with the suit. *Davis v. National Gypsum Co.*, 743 F.2d 1132 (5th Cir.1984). In applying its "center of gravity" test, Mississippi has adopted the principles of the Restatement (Second) on Conflicts of Laws (1971). *Boardman v. United Services Automobile Assn.*, 470 So.2d 1024 (Miss.1985). Pursuant to the Fifth Circuit's directive in *Price, Et Al. v. Litton Systems, Et Al.*, 784 F.2d 600 (5th Cir. 1986), this Court should not employ the same conflict of laws analysis to Plaintiff's tort and breach of warranty claims. Accordingly, the Court's discussion will examine the merits of National's arguments as applied to Plaintiff's respective claims.

## A. The Tort Claims

A review of the relevant facts as above stated convinces the Court that Alabama is the state with the most significant relationship to the occurrence and the parties. The injury occurred in Alabama, the relationship between the parties is centered in Alabama, and Alabama is and has been the place of residence of the Plaintiff. Consequently, Alabama substantive law should govern the negligence and strict liability in tort claims in this action.

Although the general rule is that Mississippi applies the substantive law of the state having the most significant relationship to the litigation, it applies its own laws in matters of procedure. *Davis, supra,* at 1134. Further, Mississippi honors the construction given a statute by the courts of the state whose legislature enacted it. *Ramsay v. Boeing Co.,* 432 F.2d 592 at 499 (5th Cir.1970). Were this action filed in Alabama, under Alabama law Plaintiff's tort claims would be subject to Alabama's one-year statute of limitations, Code 1975, Section 6–2–39(a)(5). However, since the action has been filed here, and as this one-year limitation is not part of a statute which creates Plaintiff's right to her tort claims, *Cofer v. Ensor,* 473 So.2d 984 (Ala. 1985), the Court determines that the treatment accorded this statute by Alabama courts is that it is a procedural statute of limitations. Accordingly, under the facts of this case, Mississippi's six-year general statute of limitations, Miss.Code Ann. Section 15–1–49 (1972), does not bar Plaintiff's negligence and strict liability in tort claims.[3]

■ The Court finds well taken, however, National's second argument that Plaintiff's tort claims are barred by Mississippi's "borrowing statute", Miss.Code Ann. Section 15–1–65 (1972), which provides:

When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the Defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.

In the case *sub judice* Plaintiff's cause of action against National arose on January 23, 1983. The applicable statute of limitations in Alabama at the time of the alleged accident required the Plaintiff to commence any action in Alabama within a period of one year from the date the cause of action occurred. Ala.Code Section 6–2–39(a)(5) (1975); *Payne v. Alabama Cemetery Assn.,* 413 So.2d 1067 (Ala.1982) (Plaintiff's ignorance of a tort or injury held not to postpone the running of the statute of limitations until that tort is discovered). The fact that Alabama's one-year statute of limitations is deemed procedural does not preclude application of Miss.Code Ann. Section 15–1–65 (1972) to the facts of this case.

■ In *Cowan v. Ford Motor Co.,* 713 F.2d 100 (5th Cir.1983) (*Cowan II*) the Fifth Circuit certified the following question of law to the Mississippi Supreme Court for decision:

May a nonresident plaintiff utilize Mississippi's courts to sue a foreign corporation qualified to do business and actually doing business in Mississippi for an accident which occurred outside Mississippi and which had no relation to the foreign corporation's business activities in Mississippi when the statute of limitations of the state in which the plaintiff resides and in which the accident occurred has barred the claim in that state?

In *Cowan v. Ford Motor Co.,* 437 So.2d 46 (Miss.1983) the Mississippi Supreme Court declined to rule on the question certified to it by the Fifth Circuit and stated that the

---

**3.** National's argument that Alabama's one-year statute of limitations barred Plaintiff's action was based primarily on the Mississippi Supreme Court's decision rendered March 12, 1986, in *Jeffrey Owen White v. Malone Properties, Inc., and Carroll D. Malone, d/b/a Malone Construction Company,* No. 55,195. The Court's original opinion in that case, however, was withdrawn and substituted by its *en banc* opinion, 494 So.2d 576, rendered September 24, 1986, on petition for rehearing, in which the Court based its decision on *Bethlehem Steel Co. v. Payne,* 183 So.2d 912 (Miss.1966).

issue which it was asked to rule upon involved the construction of a statute which the Mississippi Supreme Court had previously interpreted in *Louisiana and Mississippi R. Transfer Co. v. Long*, 131 So. 84 (Miss.1930). When the *Cowan* (*Cowan III*) case again reached the Fifth Circuit the Court stated:

> The Mississippi Supreme Court, 437 So.2d 46, has declined to rule on our certified question, as is of course perfectly proper for it to do. *See, e.g., Blanchard v. Engine & Gas Compressor Services, Inc.*, 371 So.2d 265 (La.1979). In declining, however, it answered our inquiry. *See* Appendix, *infra.* Citing *only Long*, the Court declined our certified question because (1) it has previously interpreted Section 15–1–65 and (2) the issue involved no matter of great public interest presenting a unique or unusual legal problem it had not already decided. Thus, reaffirmed by the Mississippi Supreme Court, *Long* remains good law.

> As we pointed out in *Cowan II*, 713 F.2d at 105, n. 7, this Court—interpreting *Long*—has already declared that under Mississippi law Section 15–1–65 "has no application to a corporation that resided in *or was qualified to do business in* Mississippi at the time the cause of action arose." *Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1011 (5th Cir.1969). It is undisputed that Ford was qualified to do business in Mississippi at the time of the fatal accident. Section 15–1–65 does not bar Cowan's cause of action.

In the Mississippi Supreme Court's September 24, 1986, *White* decision, the Court made it clear that its ruling in that case should not be construed as affecting Mississippi's "borrowing statute" or the cases interpreting it, including *Cowan:*

> Specifically, we do not consider Mississippi Code Annotated Section 15–1–65 (1972) nor in any manner disturb the cases there annotated, or *Cowan v. Ford Motor Co.*, 437 So.2d 46 (Miss.1983), an opinion in response to a question certified to this Court by the United States Court of Appeals for the Fifth Circuit. Section 15–1–65 is concerned only with non-resident defendants who may move to Mississippi after the accrual of an action against them in the state or country of their former residence.

Here, as noted above, National became qualified to do business in Mississippi on June 30, 1983, while Plaintiff's cause of action arose five months previously on January 23, 1983. Plaintiff's assertion that Data Terminal Systems was qualified to do business within the state of Mississippi on or before January 23, 1983, is without support in view of the Mississippi Secretary of State's certificate that it has never been so qualified. Further, Plaintiff's conclusory allegation that either National or, prior to their merger, Data Terminal Systems, was doing business within the state of Mississippi on or before January 23, 1983, is meaningless due to (1) the absence of any showing that the allegation has any factual basis,[4] and (2) the irrelevancy of the allegation when viewed in the light of *White* (9/24/86), *Cowan III*, and the language of the "borrowing statute" itself. Miss.Code Ann. Section 15–1–65 (1972) applies where a corporation was not a resident of or was not qualified to do business in Mississippi at the time the cause of action arose. In the present case, neither the successor corporation, National, nor its corporate predecessor, Data Terminal Systems, were residents of or qualified to do business in Mississippi on the date of Plaintiff's alleged accident on January 23, 1983. Accordingly, Defendant is entitled to summary judgment on Plaintiff's tort claims pursuant to Miss.Code Ann. Section 15–1–65 (1972).

### B. The Warranty Claim

As mentioned previously, this court must employ a separate conflict of laws analysis to determine which state's law governs Plaintiff's breach of warranty claim. *Price, Et Al. v. Litton Systems, Et Al., supra.* A Mississippi Plaintiff's warranty

---

**4.** Plaintiff's reliance on *Steel v. G.D. Searle and Co.*, 422 F.Supp. 560 (D.C.Miss.1976) is misplaced for in that case the Defendant was found to have "regularly dealt with companies incorporated or licensed to do business in Mississippi" and "maintain[ed] employees and ship[ped] several hundred thousand dollars worth of merchandise into Mississippi each year." *Id.* at 561.

claim for physical injuries arises under the Mississippi version of the U.C.C. and not under any general tort theory.[5] *Id.* The Mississippi statute which enunciates a specific conflict of laws rule for warranty claims provides:

> (1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement, this code applies to transactions bearing an appropriate relation to this state. Provided, however, the law of the State of Mississippi shall always govern the rights and duties of the parties in regard to disclaimers of implied warranties of merchantability or fitness, limitations of remedies for breaches of implied warranties or merchantability or fitness, or the necessity for privity of contract to maintain a civil action for breach of implied warranties of merchantability or fitness notwithstanding any agreement by the parties that the laws of some other state or nation shall govern the rights and duties of the parties.

Miss.Code Ann. Section 75–1–105 (1972). The Court's task now is to address the constitutionality of applying Mississippi law to this case as the above statute seems to dictate.

The Court is guided in its task by Judge Tom S. Lee's opinion on remand in *Price,* 607 F.Supp. 30 (S.D.Miss.) (Civil Action No. J84–022(L), signed June 16, 1986). Judge Lee interpreted Section 75–1–105 as authorizing the application of Mississippi substantive law on privity, disclaimers and

limitation of remedies in a warranty action only when the transaction giving rise to the warranty claim bears some reasonable and appropriate relation to Mississippi. Judge Lee concluded that in the absence of such a relation, application of Mississippi substantive warranty law violates constitutional guarantees. This Court is in agreement with this construction and now must utilize it in light of the facts of this case.

■ It is evident from a review of the facts as above stated that the transactions between Data Terminal Systems, Business Control Systems, Inc., and Providence Hospital which gave rise to the instant warranty claim do not bear any relationship to Mississippi, much less one which would warrant the application of Mississippi substantive law. The questions of which state's or state's laws should govern Plaintiff's warranty claim is answered by applying the center of gravity doctrine, such application to a contract action having occurred in *Spragins v. Louise Plantation,* 391 So.2d 97, 99 (Miss.1980) and *Craig v. Columbus Compress & Warehouse Co.,* 210 So.2d 645, 659 (Miss.1968). *Also see Bunge Corp. v. Biglane,* 418 F.Supp. 1159, 1164 (S.D.Miss.1976).[6] The Court concludes that the weight of the pertinent factors again points to Alabama as having the most significant relationship to this litigation. The next step in the Court's analysis lies in determining whether Plaintiff's breach of warranty claim is time-barred.

The Alabama statute of limitations for breach of warranty states in pertinent part:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....

**5.** The Mississippi version of the U.C.C. provides that recovery for physical injuries is available under a warranty theory notwithstanding the presence of a warranty disclaimer or the absence of privity of contract. *See* Miss.Code Ann. Sections 11–7–20, 75–2–318, –715(2)(b), –719(3) (1972 and Supp.1985). Miss.Code Ann. Section 75–2–725 (1972) imposes a six-year limitations period for warranty claims and states that a cause of action for breach of warranty accrues when tender of delivery is made.

**6.** In *Bunge* the court adopted the following factors from Section 188 of the Restatement

(Second) Conflict of Laws in determining the applicable law in the absence of a choice of law by the parties:

(a) the place of contract;
(b) the place of negotiation of the contract;
(c) the place of performance;
(d) the location of the subject matter of the contract; and,
(e) the domicile, residence, nationality, place of incorporation and place of business of the parties. 481 F.Supp. at 1164.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.

Ala.Code Section 7–2–725 (1975).

Although the Alabama Supreme Court has not specifically interpreted this statute as being procedural or substantive in nature, utilization of the guidelines set forth in *Cofer v. Ensor, supra.*, directs the Court's conclusion that Alabama would regard Section 7–2–725 as procedural since it is but one of a number of provisions in the "Sales" article of the U.C.C. covering transactions involving goods.[7] *See Wood v. Wilkinson,* 425 So.2d 1062 (Ala.1983). This being the case, and pursuant to the teachings of *Davis, supra,* and the Mississippi Supreme Court's September 24, 1986, *White* decision, Miss.Code Ann. Section 75–2–725 (1972) is the appropriate Mississippi statute to apply to Plaintiff's claim. The statute states in pertinent part:

(1) An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made....

Here, tender of delivery of the cash register occurred in November 1976, more than six years prior to the accrual of Plaintiff's cause of action in January 1983. Summary judgment for the Defendant on the Plaintiff's claim is therefore appropriate.

Finally, as an alternative ground for granting National's motion for summary judgment on Plaintiff's breach of warranty claim, the Court finds well taken Defendant's argument that the claim is barred by Mississippi's "borrowing statute", Miss. Code Ann. Section 15–1–65 (1972). As stated in n. 7 above, Plaintiff's claim would be barred under Ala.Code Section 7–2–725 (1975), and Miss.Code Ann. Section 15–1–65 (1972) applies irrespective of the barring statute's procedural or substantive character. Application of the Court's previous finding that National did not reside in and was not qualified to do business in Mississippi at the time of Plaintiff's alleged injury completes this second ground for granting National's motion on the instant claim.

### III. CONCLUSION

In sum, the Court finds that National's motion for summary judgment on both Plaintiff's tort and warranty claims should be granted for the reasons stated above. National is to furnish a Judgment consistent with the findings in this Opinion within ten (10) days from the date hereof.

---

**7.** Were this statute regarded as substantive, however, and therefore applicable to Plaintiff's breach of warranty claim, Plaintiff's claim would be time-barred by virtue of the running of the four-year time period and the fact that the cash register in question cannot be deemed a "consumer good." *Wright v. Cutler-Hammer, Inc.,* 358 So.2d 444 (Ala.1978); *Simmons v. Clemco Industries,* 368 So.2d 509 (Ala.1979).