James Clayton ALLISON, Carolyn Allison and Tru–Amp Corporation, Plaintiffs,

v.

ITE IMPERIAL CORPORATION, Gould, Inc., its Successor Corporation

and

John Doe Corporation 1–10, Successor Corporation to ITE Imperial Corporation and John Doe Individuals 1–10, Defendants.

Civ. A. No. J89–0486(B).

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 23, 1990.

**46**

James W. Nobles, Jackson, Miss., Kellis L. Madison, Pearl, Miss., Malcolm McCune, Nashville, Tenn., Michael M. Taylor, Gulfport, Miss., for plaintiffs.

James A. Becker, Robert Miller, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Motion of the Defendant Gould, Inc. ("Gould"), successor in interest to the nominal defendant ITE Imperial Corporation ("ITE"), for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Tenn.Code Ann. § 29–28–103, the Tennessee statute of repose applicable to products liability suits. The Plaintiffs have responded to the Motion, and the Court has considered the Motion and response, together with memoranda of authorities and attachments thereto submitted by the parties.

Rule 56 allows for the entry of summary judgment where it appears from the pleadings, depositions, admissions, answers to interrogatories and affidavits that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985).

## FACTUAL BACKGROUND

The relevant facts are not in dispute. This personal injury action was removed to this Court from the Circuit Court of the First Judicial District of Hinds County, Mississippi, on the basis of diversity of citizenship.

The complaint alleges that the Plaintiff James Clayton Allison, a Mississippi resident, was employed by the Plaintiff Tru–Amp Corporation ("Tru–Amp") as a circuit breaker tester. As a part of his employment, for at least two years prior to August 26, 1988, Allison was sent, along with other Tru–Amp employees, from Mississippi to Brentwood, Tennessee, for the purpose of inspecting, cleaning, and testing switch gear located at the South Central Bell Telephone Company ("Bell") switching facility in Brentwood pursuant to a contract between Bell and Tru–Amp. The complaint alleges that on August 26, 1988, in the course of his employment for Tru–Amp at the Bell facility in Brentwood, Tennessee, where he had been working for the five previous days, Allison attempted to remove a circuit breaker manufactured by the Defendant ITE from a bank of breakers when a "tulip connector" fell off the breaker to which it was attached, behind the switching bank and into an electrical buss. This caused an arc and explosion which severely burned Allison and did extensive damage to the premises of Bell.

The Plaintiffs charge that the circuit breaker and tulip connector were defective and were the sole proximate cause of Plaintiffs' injuries. The Plaintiffs assert negligence and strict products liability theories of recovery. Plaintiff Carolyn Allison asserts claims for loss of consortium. Tru–Amp claims that it is subrogated to the rights of Bell against ITE and its successor Gould by virtue of the fact that, pursuant to its contract with Bell, Tru–Amp paid Bell $345,151.43 for damages sustained as a result of Tru–Amp's activities on Bell's premises.

The Defendant ITE has been wholly acquired by the Defendant Gould, which, in turn is owned by Nippon Mining U.S., a division of the Japanese conglomerate.

In their motion for summary judgment, the Defendants assert that Tennessee substantive law applies to this case, and that

the claims of the Plaintiffs are barred by the statute of repose found in the Tennessee Products Liability Act of 1978, codified at Tenn.Code Ann. §§ 29–28–101 to 108 (Supp.1989). The relevant portion of the statute reads:

(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within … ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter….

Tenn.Code Ann. § 29–28–103 (Supp.1989).

Alternatively, the Defendants argue that even if Mississippi substantive law applies to the case, it is the statute of repose found at Miss.Code Ann. § 15–1–41, and not the general six-year statute of limitations that governs this action.

## ANALYSIS

A. *Which state's law applies?* It is well settled that a federal court in a diversity case must apply the substantive law of the state in which it sits, including the conflict-of-laws rules prevailing in the state. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, this Court must look to the conflict-of-laws rules of Mississippi. Mississippi follows the "most significant contacts" or "center of gravity" test described in section 145 of the Restatement, Second, of Conflict of Laws. *Mitchell v. Craft,* 211 So.2d 509 (Miss.1968). Section 145 provides:

1. Section 6 of the Restatement provides:

§ 6. Choice of Law Principles:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. (2) When there is no such directive, the factors relevant to the choice of applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.[1]

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) The place where the injury occurred,

(b) The place where the conduct causing the injury occurred,

(c) The domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) The place where the relationship, if any, between the parties is centered.

*Mitchell,* 211 So.2d at 515.

After considering the enumerated contacts, the Court concludes that the law of Tennessee applies to this case.

1. *Place where the injury occurred.* It is undisputed that the injury in question occurred in Tennessee. Therefore, the laws of the State of Tennessee should apply to the present suit unless the Plaintiffs can show that another state has a more substantial relationship to the occurrence and the parties. *Mitchell,* 211 So.2d at 516.

2. *Place where the conduct causing injury occurred.* The complaint alleges that the conduct causing injury was the negligent or defective design, engineering and manufacture of the circuit breaker in question. The breaker was manufactured, according to both parties, in the State of Pennsylvania at ITE's plant at Philadelphia. This factor accordingly points toward application of Pennsylvania law.

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
*Mitchell,* 211 So.2d at 516.

48

3. *Domicile, residence, nationality, place of incorporation and place of business of the parties.* All of the Plaintiffs are Mississippi residents. The Defendant Gould, the real defendant in the case, is a Delaware Corporation with its principal place of business in Illinois. Its predecessor in interest, ITE, was domiciled in Pennsylvania. This factor accordingly militates in favor of the application of Mississippi, Illinois, Delaware or Pennsylvania law.

4. *Place where the relationship, if any, between the parties is centered.* On the face of things, there is no preexisting relationship between the parties. The only relationship that existed was that the Plaintiff Allison tested and inspected at least one circuit breaker manufactured by the Defendant's predecessor in interest, ITE. In *Price v. Litton Systems, Inc.,* 784 F.2d 600, 604 (5th Cir.1986), the Court of Appeals for the Fifth Circuit suggested that perhaps the center of the relationship between the parties in a products case is the state in which the victim came in contact with the products of the Defendant. The Plaintiffs assert that Tru–Amp and its employees performed inspection services for Bell in the states of Louisiana, Mississippi and Tennessee, but the record does not disclose whether Tru–Amp or Allison inspected ITE breakers in any state other than Tennessee. Accordingly, an analysis of this factor suggests that Tennessee law should control.

*Davis v. National Gypsum Co.,* 743 F.2d 1132, 1134 (5th Cir.1984) illustrates how these factors operate. The facts in *Davis* are very similar to those of the case *sub judice.* There, the decedent, Garner, was a permanent domiciliary of Mississippi temporarily stationed at Fort Carson, Colorado. Garner was killed when a mortar shell manufactured by the Defendant prematurely exploded during Army training exercises at Fort Carson. A wrongful death action was filed alleging that the Defendant was liable under a products liability theory. There, the Court noted:

In this case the only contact favoring application of Mississippi law is the residence of the decedent and [his mother, the plaintiff]. The injury occurred in Colorado, and the slight relationship of the parties was centered in Colorado. The defective mortar round was apparently manufactured in Kansas, and National Gypsum's place of incorporation and principal place of business are Delaware and Texas, respectively. Maymon Garner was stationed in Colorado at the time of his death.... We therefore hold that under Mississippi conflict of laws principles, Colorado has a more substantial relationship to this action than Mississippi.

743 F.2d at 1134 (citations omitted).

This Court recognizes that the factors articulated in section 145 are to be given the weight appropriate in each case and that the analysis involves more than "counting contacts." *Mitchell,* 211 So.2d at 515. Nevertheless, given that Tennessee was the place of injury and the center of the relationship between the parties and that the Allison's presence there was far from fortuitous, having worked there for five consecutive days, the Court concludes that no other interested state has a "more significant relationship to the occurrence and the parties" involved in this suit than the State of Tennessee. Accordingly, the substantive law of the State of Tennessee will apply to the Plaintiffs' claims.

■ B. *Is the Tennessee statute of repose "substantive"?* Even if the substantive law of Tennessee applies, the Defendant's reliance upon the statute of repose would be misplaced if that statute could be shown to be procedural in nature. The Mississippi Supreme Court has always considered statutes of limitations to be procedural. *Williams v. Taylor Machinery, Inc.,* 529 So.2d 606, 609 (Miss.1988). The only exception is where a statute creates a right of action that did not previously exist, and the same statute fixes the time in which to commence the action. *White v. Malone Properties, Inc.,* 494 So.2d 576, 578 (Miss.1986). The statute at issue, however, is not a mere statute of limitations. Rather it is a statute of final repose. As such, it has been construed by at least one federal district court in Mississippi and the

Court of Appeals for the Fifth Circuit as being substantive in nature. *See Wayne v. Tennessee Valley Authority*, 730 F.2d 392 (5th Cir.1984) (affirming Judge L.T. Senter, Jr., Chief Judge of the Federal District Court for the Northern District of Mississippi); *see also Crouch v. General Elec. Co.*, 699 F.Supp. 585 (S.D.Miss.1988) (construing an almost identical North Carolina products liability statute of repose to be substantive).

In holding Tenn.Code Ann. § 29–28–103 to be substantive in nature, the court in *Wayne* explained the difference in statutes of limitations and statutes of repose in this way:

> In recent years many states have enacted [statutes of repose]. They have been labeled "statutes of repose" in order to distinguish them from ordinary statutes of limitations which usually set much shorter time periods which run from the time the cause of action accrues, rather than from an arbitrary time such as the date of purchase. Because the date of injury is not a factor used in computing the running of the time period, and such statutes typically do not have tolling provisions, the statutes acquire a substantive nature, barring rights of action even before injury has occurred if the injury occurs subsequent to the prescribed time period.

730 F.2d at 401–402.

This Court is accordingly bound to follow *Wayne* and hold that the Tennessee statute of repose is substantive and applicable to the claims of the Plaintiffs. The Court further finds that the statute is not repugnant to Mississippi law, as the Mississippi Supreme Court has upheld and enforced statutes of repose. *See, e.g., Moore v. Jesco, Inc.*, 531 So.2d 815, 817 (Miss. 1988) (applying the statute of repose found at Miss.Code Ann. § 15–1–41).

In the case *sub judice* the Defendants have submitted affidavits establishing the fact that the circuit breaker in question was purchased by Bell from Harris Electric Supply Company of Nashville, Tennessee, who obtained it from ITE by purchase order dated June 6, 1975. It was thereafter installed at the Bell facility some time prior to September 21, 1976, roughly twelve years prior to the accident on August 26, 1988. There are no genuine issues of material fact. This cause of action is clearly barred by the Tennessee statute of repose. Accordingly, Motion for Summary Judgment is well taken and the Complaint of the Plaintiffs must be dismissed.

IT IS THEREFORE ORDERED that the Motion of the Defendants be granted and that the complaint of the Plaintiffs be finally dismissed, with costs assessed against the Plaintiffs.

SO ORDERED.