**Paul WALLS, Plaintiff–Appellant,**

v.

**GENERAL MOTORS, INC.**
**Defendant–Appellee.**

No. 89–4905
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 18, 1990.

C.R. McRae, Margaret P. Ellis, Pascagoula, Miss., for plaintiff-appellant.

James O. Dukes, Gulfport, Miss., Wendy F. Lumish, J. Richard Caldwell, Jr., Timothy J. Quinlan, Orlando, Fla., for defendant-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff–Appellant, Paul Walls (Walls), appeals the district court's grant of summary judgment in favor of General Motors, Inc. (GM) in Walls' Mississippi diversity jurisdiction damage suit for personal injuries arising from an automobile accident that occurred in Oregon on September 17, 1986. We affirm the district court's determinations that (1) there is no genuine issue of material fact with respect to "relevant contacts" with the State of Oregon and the State of Michigan as candidates for the substantive law jurisdiction in Mississippi's "center of gravity" choice of law test, (2) Mississippi must apply Oregon's substantive law, (3) Oregon's eight-year statute of repose is substantive, and (4) GM is entitled to a summary judgment dismissing it from this suit.

## I.

The following facts are undisputed. On September 17, 1986, Walls was injured in a head-on collision while a passenger in a 1977 Chevrolet Monza manufactured by GM. Walls is a citizen of Oregon. The accident in question occurred in Oregon. An Oregon citizen owned the Chevrolet Monza. It was registered and titled in Oregon. All occupants of the Chevrolet Monza were citizens of Oregon. The other vehicle involved in the collision was registered and titled in Oregon, and was occupied by citizens of Oregon. The journey of the Chevrolet Monza began in Oregon and was intended to end in Oregon. GM is a Delaware corporation. Its principal place of business is in Michigan. The Chevrolet Monza was manufactured in Ohio for sale in California.[1] It was first sold in June of 1978, more than eight years before the accident and more than eight years before this case was filed.

## II.

Walls' original complaint named GM and Parker Robb Chevrolet, a California automobile dealership, as defendants, alleging defects in the design and manufacture of the Chevrolet Monza. On February 20, 1989, GM moved the district court for dismissal of the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to comply with Rule 8(a)(1) and (2), and challenging venue

---

1. In pleadings Walls contends that GM is a Michigan corporation and that the Monza was manufactured in Michigan, but submitted no proof to contravene GM's evidence of Delaware incorporation and Ohio manufacture. Therefore there is no genuine dispute as to those facts.

in the Southern District of Mississippi. On February 22, 1989, Parker Robb Chevrolet moved for dismissal on jurisdictional grounds pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5). Walls dismissed Parker Robb Chevrolet and filed a first amended Complaint.

On March 22, 1989, GM filed its Answer and again moved for dismissal, challenging the sufficiency of the first amended complaint under Rule 8(a)(1) and (2). The motion requested alternative relief in the form of an order requiring Plaintiff under Rule 12(e) to state more definitely jurisdiction, venue and the factual basis for the claim; or dismissing on grounds of forum non conveniens; or transferring to United States District Court in Oregon.

In response, Walls for the first time stated in a pleading that the allegedly defective automobile was first purchased for use in June of 1978. On May 31, 1989, GM filed a motion for summary judgment based on the premise that Oregon's eight-year statute of repose bars Walls' action. On June 8, 1989, Walls was granted additional time to file opposition to GM's motion for summary judgment. From June through September, 1989, the parties filed various documents, including replies to requests for itemization of facts, interrogatories, production of documents, and the like. On October 18, 1989, the district court rendered an opinion in favor of GM's motion for summary judgment, and on November 3, 1989, granted summary judgment dismissing GM. Walls appeals.

### III.

■ This court reviews the grant of summary judgment motion de novo, using the same criteria used by the district court in the first instance. *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir.1988). We "review the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir.1986) (per curiam) (citing *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 873 (5th Cir.

1984)). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Id.*

Walls had no contacts with the State of Mississippi. GM's only contact with Mississippi is the fact that it is qualified to do business there. Having rejected all other states, including Oregon and Michigan, in favor of Mississippi as the forum in which to file his diversity action, Walls now contends that Mississippi should select the substantive law of Michigan rather than the substantive law of Oregon for deciding this case. Walls contends alternatively that Oregon's eight-year statute of repose is procedural so that, even if Oregon's substantive law is properly selected, its statute of repose should not apply and Mississippi's statute of limitations should apply. We disagree with both contentions.

■ Mississippi's choice of law rule in conflicts of law cases provides that the law of the place where the injury occurred controls unless some other state has a more significant relationship to the accident and the parties. *Boardman v. United States Auto. Ass'n.*, 470 So.2d 1024 (Miss.1985), *cert. denied*, 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985); *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968). This court has previously recognized that rule to be the law of Mississippi. See *Price v. Litton Sys., Inc.*, 784 F.2d 600 (5th Cir.1986); *Davis v. National Gypsum Co.*, 743 F.2d 1132 (5th Cir.1984); *Wayne v. Tennessee Valley Auth.*, 730 F.2d 392 (5th Cir.1984), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985).

■ To overcome the presumption that the law of the situs applies, Walls must show that some other jurisdiction has a more significant relationship to the occurrence and the parties. The significance of the relationship is based on contacts. In addition to the place where the injury occurred, contacts to be considered include the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation, and place of business of the parties, and the place where the relationship, if any, between the parties is centered. *Mitchell,* 211 So.2d at 515 (citing *Restatement (Second) Conflicts of Law* § 145 (proposed official draft, adopted May 24, 1968)).

■ Walls continues to contend that GM is incorporated in Michigan and that the Monza was manufactured there, but has filed no affidavits or other documentation supporting those facts. GM, on the other hand, shows that it is incorporated in Delaware, and, by the affidavit of Eugene A. Ambroso, a GM engineer, that the Monza in question was manufactured at its assembly plant in Lordstown, Ohio.

Similarly, Walls contends that the Chevrolet Monza and its lap belt restraint system were designed in Michigan, but has filed no affidavits or other documentation to that effect.

Considering, as we must, the facts contained in the record in the light most favorable to the nonmoving party we conclude as did the district court that no other state, including Michigan, has a more significant relationship to the occurrence and the parties than does Oregon. A reasonable jury could not return a different verdict. Consequently, under Mississippi's dual test (place of injury and most significant relationship or "center of gravity"), it is inescapable that Mississippi courts, and thus the district court in a diversity case, must apply the substantive law of Oregon.

■ The court must next determine whether Oregon's statute of repose is substantive or procedural. Section 30.905 of the Oregon Revised Statutes states that a "product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption." Or.Rev. Stat. § 30.905.

While Mississippi applies the substantive law of the state of occurrence or, if different, the state with the most significant relationship to the litigation, it applies its own law with regard to procedural matters. *Siroonian v. Textron, Inc,* 844 F.2d 289, 292 (5th Cir.1988); *Price,* 784 F.2d at 605; *Davis,* 743 F.2d at 1134; *Crouch v. General Elec. Co.,* 699 F.Supp. 585, 590–91 (S.D. Miss.1988). Mississippi, like most jurisdictions, treats its statutes of limitations as procedural. *Shewbrooks v. A.C. & S., Inc.,* 529 So.2d 557 (Miss.1988). Nevertheless, when the substantive laws of another jurisdiction apply to a case in Mississippi, and such other state has determined that its applicable period of limitation is substantive rather than procedural, Mississippi courts recognize and apply such periods of limitation as substantive law. *Crouch,* 699 F.Supp. at 591; *Siroonian,* 844 F.2d at 292; *Price,* 784 F.2d at 605; *Davis,* 743 F.2d at 1134; *Wayne,* 730 F.2d at 401.

The courts of Oregon have held that Oregon Revised Statute § 30.905 is substantive. *Sealey v. Hicks,* 309 Or. 387, 788 P.2d 435 (1990); *Dortch v. A. H. Robins Co.,* 59 Or.App. 310, 650 P.2d 1046, 1049 (1982).

Walls cites *Davis* as authority for Mississippi to apply its own statute of limitations rather than another state's statute of repose. Although the *Davis* court held that Mississippi must apply the substantive law of Colorado, it also found that Colorado treated its own statute as procedural. *Davis,* 743 F.2d at 1134. The courts of Oregon, however, hold its statute of repose to be substantive, so Mississippi is bound to apply it.

■ Finally, Walls contends that the district court erred in refusing to allow additional time to develop facts and conduct discovery which could have conclusively proved that Oregon did not have the most substantial contact "pursuant to Rule 56(f) of the Fed.R.Civ.P....[and] this Court's rulings in *Xerox Corp. v. Genmoora*

*Corp.*, 888 F.2d 345 (5th Cir.1989)." The civil docket sheet in the record of this case reflects that from May 31, 1989, when GM filed its motion for summary judgment, until October 18, 1989, when the district court signed its opinion—a period of over four and a half months—the parties engaged in considerable discovery activities. Nothing in the record reflects that Walls ever moved for an order under Fed.R. Civ.P. 56(f).[2]

We find no reversible error by the district court on the basis of failing to grant Walls a continuance within which to conduct additional discovery, particularly in light of Walls' failure to file a motion for a continuance under Fed.R.Civ.P. 56(f). While counsel for Walls refers to Rule 56(f) in his initial brief and in his reply brief, a careful review of the trial court record fails to reveal that Walls made any such request, much less a formal motion under Rule 56(f), as is required. Walls had ample time and sufficient opportunities to conduct the discovery procedures which he complains were denied him. He cannot now lay his failure to conduct discovery at the feet of the district court.

Cases dealing with summary judgments are governed by the clear language of Fed. R.Civ.P. 56(c) which requires that disputes about material facts be *genuine.* The record in this case is totally devoid of evidence that would support Walls' claim that there are *genuine* disputes about material facts. To the contrary, the disputes he proffers are patently disingenuous in light of his misstatements about the holdings of cited cases, the meanings of cited statutes, and factual matters reflected or not reflected in the record of this case. Even if Walls' *un*supported statements of facts concerning GM's state of incorporation, place of manufacture of the Monza, and place of design were to be substantiated, Oregon would remain the state of most significant relationship to the parties and the accident.

For the foregoing reasons, this court agrees with the district court's grant of GM's motion for summary judgment.

AFFIRMED.

**2.** "Should it appear from the affidavit of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such order as is just." Fed.R.Civ.P. 56(f).