J. Donna MORNINGSTAR, Individually, and J. Donna Morningstar, as Administrator of the Estate of Marvin Douglas Morningstar, Deceased, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 3:93–cv–186WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 9, 1994.

Robert G. Germany, Jackson, MS, for plaintiff.

Gene D. Berry, Jackson, MS, for defendant.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendant, General Motors Corporation (hereinafter "GM"), for summary judgment or, in the alternative, for change of venue pursuant to 28 U.S.C. § 1404(a) (1988). The court will treat this motion as one for summary judgment pursuant to Rule 56(c),[1] Federal Rules of Civil Procedure. Having considered the motion, the response, and the arguments in memoranda of the parties, the court is persuaded that the defendant's motion for summary judgment is well taken and should be granted.

### PARTIES AND JURISDICTION

Plaintiff J. Donna Morningstar and plaintiff's decedent, Marvin Douglas Morningstar,

---

1. Rule 56(c) provides in pertinent part:
 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

are citizens of the State of Kansas. GM is a corporation organized and existing under the laws of the State of Delaware and conducts business in the State of Mississippi. This case was removed to this court from the Circuit Court of the First Judicial District of Hinds County. Thus, this matter is properly before the court pursuant to removal jurisdiction, 28 U.S.C. § 1441(a) (1988), and diversity jurisdiction, 28 U.S.C. § 1332 (1988).

### FACTS

■ On March 22, 1987, Marvin Douglas Morningstar died as a result of injuries sustained in an automobile accident that occurred in Kansas. Apparently, Mr. Morningstar was struck by another vehicle on the right side of his 1984 Chevrolet pickup truck. The impact caused the fuel tank to rupture and explode. Mr. Morningstar was killed in the fire that ensued.

On March 19, 1993, plaintiff filed this wrongful death action in Hinds County Circuit Court alleging that GM, the designer and manufacturer of the pickup truck, defectively designed the truck at the center of this litigation.

Defendant GM has moved for summary judgment on the ground that this action is barred by a Kansas statute of limitations of two years for wrongful death actions. *See* Kan.Stat.Ann. § 60–513(a)(5). Defendant argues that Mississippi's conflict of law principles require this court to apply Kansas's two year statute of limitations period and dismiss the case *sub judice*.

In the alternative, defendant asks that the court transfer this case to the United States District Court for the District of Kansas. The defendant cites convenience of the parties and witnesses and judicial economy as principal reasons for transferring this case.

Plaintiff, on the other hand, argues that the Mississippi statute of limitations in effect at the time of this accident is applicable to this case. *See* Miss.Code Ann. § 15–1–49 (1972). Since the former statute of limitations for wrongful death was six years, plaintiff believes that this action is timely filed. Plaintiff also believes venue is proper here in the Southern District of Mississippi and that

the court need not consider transferring this action to the District of Kansas.

### DISCUSSION

### SUMMARY JUDGMENT

A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In response to a summary judgment motion, the adverse party must show that there exists a dispute over issues of fact which must be resolved at trial. Fed.R.Civ.P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the adverse party is unable to make such a showing, the moving party prevails.

■ In a diversity action such as this, the court is bound to apply Mississippi's conflict of laws rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *King v. Otasco, Inc.,* 861 F.2d 438, 441 (5th Cir.1988); *Davis v. National Gypsum Co.,* 743 F.2d 1132, 1133 (5th Cir.1984). Mississippi applies the "center of gravity" test to determine which state's law applies to a given case. *Mitchell v. Craft,* 211 So.2d 509, 516 (Miss.1968). *See also Boardman v. United Serv. Automobile Ass'n,* 742 F.2d 847 (5th Cir.), *certifying questions to Miss.Sup. Ct.,* 763 F.2d 663 (5th Cir.1984), *answer,* 470 So.2d 1024, 1031 (Miss.), *remanded to district court with instructions,* 768 F.2d 718 (5th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985); Restatement (Second) of Conflict of Laws §§ 175, 145, 6 (1969).

The general rule in choice-of-law situations is that a Mississippi court will apply its own state procedural law. *See Davis,* 743 F.2d at 1134; *Maryland Casualty Co. v. Williams,* 377 F.2d 389, 394 (5th Cir.1967); *Shewbrooks v. A.C. & S., Inc.,* 529 So.2d 557, 566–67

(Miss.1988); *Guthrie v. Merchant Nat'l Bank of Mobile,* 254 Miss. 532, 545, 180 So.2d 309, 315 (1965). And, as to matters of substantive law, Mississippi courts will apply the law of the state where the injury occurred unless, with respect to some particular issue, another state has a more significant relationship to the occurrence or parties. *See Davis,* 743 F.2d at 1134; *Mitchell,* 211 So.2d at 515; *see also* Restatement (Second) of Conflict of Laws § 175.

 Furthermore, Mississippi follows the traditional rule that a statute of limitation is deemed "procedural" rather than "substantive." *Williams v. Taylor Machinery, Inc.,* 529 So.2d 606, 609 (Miss.1988). However, a well-established exception exists where a particular state's limitations period is considered to be part of its substantive law because the limitations period is "built in" or "in the same enactment" as the statute which creates the right of action. *See, e.g., Siroonian v. Textron, Inc.,* 844 F.2d 289, 292 (5th Cir. 1988) (holding that in a wrongful death action brought in Mississippi court pursuant to diversity jurisdiction and applying Kentucky substantive law, Kentucky's statute of limitations is considered substantive and thus governed the case); *Price v. Litton Sys., Inc.,* 784 F.2d 600, 605 (5th Cir.1986) (holding that in a wrongful death action brought in Mississippi court pursuant to diversity jurisdiction and applying Alabama substantive law, Alabama's statute of limitations is considered substantive and thus governed the case); *White v. Malone Properties, Inc.,* 494 So.2d 576, 577–78 (Miss.1986) (holding that a Louisiana statute of limitations is considered substantive when contained in the text of a statute which creates a new right); *Bethlehem Steel Co. v. Payne,* 183 So.2d 912, 916 (Miss.1966) (same). The Fifth Circuit has succinctly stated this principle: "Mississippi honors the construction given a statute [of limitations] by the courts of the state whose legislature enacted it." *Price,* 784 F.2d at 605 (quoting *Davis,* 743 F.2d at 1134; *Ramsay v. Boeing,* 432 F.2d 592 at 599 (5th Cir.1970)).

This court must now determine whether Kansas considers its applicable statute of limitation to be procedural or substantive.

There exists a long history of jurisprudence from Kansas courts on the subject. Beginning with the case of *Rodman v. Missouri Pacific Railway Company,* 65 Kan. 645, 70 P. 642 (1902), the Kansas Supreme Court declared that:

"It seems that provisions in the statutes authorizing actions for wrongful death which limit the time within which the actions shall be brought are not properly statutes of limitation, as that term is generally used...." [citation omitted]

A review of the authorities bearing upon the question controverted compels us to hold that the scope and effect of the act [Kansas Death Act] above quoted is not merely to provide a remedy for a cause of action existing independent of the act itself, but to create a cause or right of action where prior to the passage or in the absence of the act none existed. As a part of the right of action itself, as a condition imposed upon and in limitation of the exercise of the right granted, it is provided that the action upon which recovery is had must be commenced within two years from the time the right of action arose.

*Id.,* 65 Kan. at 653–54, 70 P. at 644–45; *see also Bowles v. Portelance,* 145 Kan. 940, 941, 67 P.2d 419, 420 (1937) (holding that a two-year limitation on wrongful death action "is a condition imposed upon the exercise of the right granted.").

Plaintiff has intimated that because the statute of limitations was removed from the text of the Kansas wrongful death statute, the limitations period can not be considered substantive. However, the court is unpersuaded by this argument.

In 1963, the Kansas legislature enacted a new Code of Civil Procedure and the new enactment placed the wrongful death statute of limitation in the general limitation section. *See* Kan.Stat.Ann. § 60–513(a)(5). The Kansas Wrongful Death Actions statute now appears in Kan.Stat.Ann. § 60–1901. Despite this reorganization of the statutes, the Kansas Supreme Court has found this to have no effect on the substantive nature of the statute of limitations. As the Court stated:

This change in the statute does not appear to be anything more than a transfer of the statute of limitations provision from the wrongful death statute to the article in the Code of Civil Procedure which generally governs the statute of limitations for all actions. [citations omitted] The change was made by the 1963 Legislature when our new Code of Civil Procedure was revised and enacted in its present form. We do not attach any significance to the deletion of the statute of limitations provision from the wrongful death statute. It appears to have been made for convenience and organizational purposes rather than to effect a change in the application of the wrongful death statute.

*Mason v. Gerin Corp.*, 231 Kan. 718, 721, 647 P.2d 1340, 1343 (1982). The fact that a statute of limitations has been moved to another part of the statute books does not necessarily transform the statute from one involving substance to one involving procedure. *See, e.g., Davis v. Mills*, 194 U.S. 451, 453, 24 S.Ct. 692, 694, 48 L.Ed. 1067 (1904) (holding that, under Montana law, a limitations statute may be substantive and may even be in a different statute "provided it was directed to the newly created liability so specifically as to warrant saying it qualified the right").

Despite the wealth of authority suggesting that Kansas's two-year limitations period is substantive, plaintiff maintains that the statute is procedural and cites three cases in support of her assertion. *See Schreiber v. Allis-Chalmers Corp.*, 611 F.2d 790 (10th Cir.1979) (involving an action for simple and gross negligence and breach of implied and strict liability under Kansas law); *Fieldman v. Roper Corp.*, 586 F.Supp. 936 (S.D.Miss. 1984) (involving an action for personal injuries brought by a minor pursuant to Kan. Stat.Ann. § 60–513(a)(4)); *Steele v. G.D. Searle & Co.*, 483 F.2d 339 (5th Cir.1973), *upon remand*, 422 F.Supp. 560 (S.D.Miss. 1976) (involving an action for personal injuries brought pursuant to Kan.Stat.Ann. § 60–513(a)(4)). However, it is apparent that these cases are inapposite because they involve a Kansas statute of limitations for personal injuries or injury to the rights of another under Kan.Stat.Ann. § 60–513(a)(4), not wrongful death actions under Kan.Stat.

Ann. § 60–513(a)(5). Thus, the cases cited by plaintiff are not instructive on this matter.

## TRANSFER OF VENUE

The court finds it unnecessary to discuss defendant's motion for transfer of venue. A United States District Court in Kansas would be compelled to reach the same conclusion this court has today. *See Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964) (holding that transferee federal district court is obligated to apply the state law that would have been applied if there had been no change of venue). Thus, in the interests of judicial economy, the court finds that the defendant's motion for transfer of venue is not well taken and the same is hereby denied.

## *CONCLUSION*

The accident which is the subject of this litigation occurred on March 22, 1987. The instant lawsuit was filed on March 19, 1993. The court finds that this action is barred by the applicable Kansas two-year statute of limitations. *See* Kan.Stat.Ann. § 60–513(a)(5). The court hereby grants summary judgment in favor of the defendant.

## SO ORDERED AND ADJUDGED.